IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES, | No. 2:22-CV-0639-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| MARIANA LOTERSTEIN, et al., | |
| Defendants. | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

1  means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d
2  1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the
3  complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it
4  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
5  with at least some degree of particularity overt acts by specific defendants which support the
6  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7  impossible for the Court to conduct the screening required by law when the allegations are vague
8  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

10  Plaintiff EDWARD DAVID JONES names the following Defendants: (1) Medical
11  Doctor MARIANA LOTERSTEIN, (2) Physician NAY AUNG, (3) Chief Medical Officer S.
12  GATES, and (4) Registered Nurse MARCUS SMITH.  See ECF No. 1, 2.
13  Plaintiff claims cruel and unusual punishment in violation of the Eighth
14  Amendment.  Id. at 4.  Plaintiff alleges that Defendants, the prison medical personnel, were
15  deliberately indifferent to serious medical needs and delayed treating his severe abdominal pain
16  for years, causing near death and numbness and bloating from sepsis toxins.  See id.  Plaintiff's
17  condition ultimately required emergency surgery and the delay caused prolonged pain.  See id.
18  Plaintiff also brings specific attention to mental and emotional distress, pain and
19  suffering, and trauma injuries because of his mental health disorder, which Plaintiff does not
20  name.  See id. at 6.  Plaintiff alleges that the medical delay aggravated the disorder and
21  Defendants failed to make the proper inquiries required for mentally ill inmate hospital admission
22  requests.  Id.
23  Plaintiff claims Defendant Dr. LOTERSTEIN failed to forecast the medical
24  complication, did not provide an accurate prognosis, and interfered and contributed to a delay in
25  medical treatment "based on her subjectivity."  Id. at 5.  Plaintiff also states that Defendant
26  AUNG failed to prevent the delay.  See id.  The complaint does not suggest that either defendant
27  acted wantonly for the sake of inflicting harm upon Plaintiff.  No allegations are made relating
28  Defendants S. GATES and MARCUS SMITH to Plaintiff's Eighth Amendment claim.

## II. DISCUSSION

As discussed below, the Court finds that Plaintiff presents a cognizable Eighth Amendment claim against Defendants LOTERSTEIN and AUNG.  Plaintiff does not, however, allege facts to link Defendants S. GATES and MARCUS SMITH to any constitutional violation.

     A.     Defendants LOTERSTEIN and AUNG:

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness

are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that Defendants LOTERSTEIN and AUNG delayed treating Plaintiff's sepsis issue, leading to the injury's progression and an "unnecessary and wanton infliction of pain" upon Plaintiff.  Thus, this Court finds a valid Eighth Amendment claim.  McGuckin, 974 F.2d at 1059.  Although Plaintiff's claim could be stronger if it presents facts that Defendants intentionally delayed treatment, the claim remains viable because Defendants failed to diagnose Plaintiff for a period of "years," thus suggesting deliberate indifference in the delay.  See Lopez, 203 F.3d at 1131.  Plaintiff's condition also appears to be sufficiently "serious" under Lopez because (1) any reasonable doctor would find intestinal sepsis worthy of comment; (2) Plaintiff's prolonged abdominal discomfort affects Plaintiff's daily life; and (3) Plaintiff remains

in "substantial pain." See id. The claim is also valid because Plaintiff alleges the delay led to further abdominal injury. See McGuckin, 974 F.2d at 1059.

### B. Defendants S. GATES and MARCUS SMITH:

This Court finds that Plaintiff's claim against Defendants S. GATES and MARCUS SMITH should be dismissed for lack of a causal link between Defendants and Plaintiff's claim. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Because Plaintiff does not allege any facts relating Defendants S. GATES or MARCUS SMITH to a constitutional violation, these Defendants should be dismissed for lack of a causal link to Plaintiff's claim. Plaintiff will be provided an opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file an amended complaint within 30 days of the date of service of this order.

Dated: June 14, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE