FILED

Edward David Jr. Jones.
Name and Prisoner/Booking Number

CSP Solano. Department
Place of Confinement

2100 Peabody Avenue (P.O.Box 4000)
Mailing Address

Vacaville, California. 95696.
City, State, Zip Code

JUL 07 2022

CLERK, US DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Edward David Jr. Jones.
(Full Name of Plaintiff)
                    Plaintiff,

v.

(1) Mariana Loterstein
(Full Name of Defendant)

(2) Hay Aung

(3) S. Bates

(4) Marcus Smith
                    Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 222cv0639DMC.-P
(To be supplied by the Clerk)

First Amended Complaint;
§1983 Civil Rights. U.S.C.42

CIVIL RIGHTS COMPLAINT
BY A PRISONER

Demand Just Trial, Rule 38;
☐ Original Complaint (Fed. R. Civ. P. 38)
☑ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 333 (1971).
    ☑ Other: § 1.09 Proportional Representation Reconsider

2. Institution/city where violation occurred: CSP - Solano. Vacaville, California 95696

## B.  DEFENDANTS

1. Name of first Defendant: _Mariana Lotrestein_. The first Defendant is employed as: _Medical Doctor_ at _Solano. Dept._.
   (Position and Title)                                    (Institution)

2. Name of second Defendant: _Na Y Aung_. The second Defendant is employed as: _Primary Care Physician._ at _Solano. Dept._.
   (Position and Title)                                    (Institution)

3. Name of third Defendant: _Marcus Smith_. The third Defendant is employed as: _Register Nurse._ at _Solano. Dept._.
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: _S. Gates_. The fourth Defendant is employed as: _Chief Medical Staff._ at _Solano. Dept._.
   (Position and Title)                                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☑ Yes    ☐ No

2. If yes, how many lawsuits have you filed? _4_. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _P. Masterambelo_ v. _Edward Jones._
      2. Court and case number: _CD60 490 PJH_
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Settlement Agreement and Release of Claims._

   b. Second prior lawsuit:
      1. Parties: _Edward Jones_ v. _Schwartzneberg et. al._
      2. Court and case number: _116 Cv 00469_
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Without Prejudice_

   c. Third prior lawsuit:
      1. Parties: _Edward Jones_ v. _Boldwin. Et. al._
      2. Court and case number: _217 CV 2559 MCE FEB_
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Dismissed Without Prejudice_

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: Deliberate Indifference Inmate Serious (Meds.) Needs, Delay in Treatments, Resulting Cruel Unusual punishments.

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.

   - [ ] Basic necessities
   - [ ] Mail
   - [ ] Access to the court
   - [x] Medical care
   - [ ] Disciplinary proceedings
   - [ ] Property
   - [ ] Exercise of religion
   - [ ] Retaliation
   - [ ] Excessive force by an officer
   - [ ] Threat to safety
   - [ ] Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

After the Filings of Multiple Medical Requests, it Took years before Consideration and determination that inmate and Said out I Patient. Plaintiff, required emergency Surgery. Due to the Lack of Medical Treatment and Primary Care, attention and Treatments The Malfeasance, Nearly caused death. Plaintiff, Physical Hardship Suffer a great deal of abdominal pain from the Blankely beginning of delay in Medical and Treatment of this process delay in Treatment to this present date. Dangerment. There was an exorbitant Amount leakage of Sepsis Poisonous Toxins. This spread Throughout Plaintiff's body Ultimately Causing Numbness and Bloating Stomach upper / lower Abdominal Due to untwist the Volvulus and intestinal Obstruction. The develop a Hole perforation and Leak of digestive into the abdomen due to delay in Medical Treatment.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

The untwisting of Colore, resulting in Leakage of Sepsis Poisonous Toxins. delay in Treatment. Emotional Distress (i.e. Psychological wellbeing Safety and Health Codes.

5. Administrative Remedies:

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? [x] Yes [ ] No

   b. Did you submit a request for administrative relief on Claim I? [x] Yes [ ] No

   c. Did you appeal your request for relief on Claim I to the highest level? [x] Yes [ ] No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: *Basic Necessities, and Inadequacy in Treatment a Legitimate Issues, Cousins Emergency Surgery.*

2. Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☑ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   *Physician, Mariana Loterstein, were the attending practitioner assigned, obligated, to Plaintiff Jones Colon intestines within Abdominal, Stomach Complaint. Deliberate indifference to inmate serious medical needs. Blankly without treatment Probremosis. The delays in treatment reference this resulting pain and suffering in a great deal of emotional stress, constipation pain and suffering damages in the instant case. Specific way in which the plaintiff primary care physician provided medical treatment led to further harm in the medical. Scooptories form of Emergency Medical Surgery. As Caption Specifically Mariana Loterstein is a Physician attending practitioner assigned to inmate in Patient as Primary Care Provider license doctor failed, to provide adequate treatment. Loter Stein interfered and contributed to a delay in medical treatment based on her subjectivity Loterstein failed at medically fore casting, or producing (Meds.) an accurate accounts prognosis at the time the probable course of disease in Plaintiff Jones and his chances to recover. Loterstein Misdiagnosed the causes of Injury this was outside the standard care.*

4. Injury. State how you were injured by the actions or inactions of the Defendant(s). *Plaintiff, continues to Suffer pain and discomfort from abdominal surgery.*

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

CLAIM III

1. State the constitutional or other federal civil right that was violated: _Mental and Emotional Distress Pain and Suffering._

2. Claim III. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: _(Health) Mental Health._

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   _The characteristics of mental illness thus create a special problems regarding uniformed consent, an immate with psychological problems is immensely vulnerable here. Plaintiff's diagnosed with a mental health disorder. Even if, state usually might be Justified in taking of face value a plaintiff immate aned out patient request for (Meds) addmission to a hospital for medical treatment it may not be justified in doing so without further inquiry as to a (Meds) mentally ill persons request for addmission and treatment at a mental or medical hospital._

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   _Aggravation of plaintiff mental conditions_

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

PLOINTIFF ASKs THIS Court to Aword tim Cost Money in Of Compensative Monitery damages of all related suits and reasonable consideration Summary Judgments R.56 Attorney Fee'd and Cost as well as a grant as Court may deems Just and Proper. Award in Money damages. Compensatories in Damages.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___July 5th 2022.___
                 DATE

_Edward D. Jones_
SIGNATURE OF PLAINTIFF

_Pro/SE : Paralegal_
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_Edward D. Jones_
(Signature of attorney, if any)
CSP SOL Dept.
P.O. Box 4000
Vac, Ca. 95696.
EX.
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

## C. PREVIOUS LAWSUITS (CONTINUED)

d. Fourth prior lawusuit:
   1.      Parties: Edward Jones v. Kaiser Permanente Hosp. et. al.
   2. Court and Case number:
   3. Result:

1

Registered nurse Marcus Smith, RN (Defendant) failed adequately to interfere in the delay in medical treatment.

The test report revealed that inmate suffered complication abdominal colon intestines inmate inside midgut stomach external intestines twisting due to voluvus disease.

Inmate digestive tract created discomfort, pain and swallowing, cutting off of blood and circumlation, and disrupturing due to colon twist intestines-intertwining extending from stomach to anus intestines attached bowels attributing to hemmoraging pain for months and years predication due to interfere delay in medical treatments.

One medical official Plaintiff recalls stating was "How could someone's colon intestines go unnoticed without exams or and preliminary scooptories exams. Physician(s), staff(s) of San Joaquin General Hospital. (See: Chronological Medical Reports.)

Inmate was prognosed with colon **volvulus**, abdominal and complications in his digestive tract. Inmate submits forms. H/C, 7362 complaints of, symptoms of, abdominal pain intestines stomach, interfered delay in treatment to block and hinder medical performance in which emergence medical treatment, referred to physician, San Joaquin General Hospital. Thereafter lack of important medical priority essentially to leave out, alter, put off, and/or delay in treatment.

On March 19, 2021 inmate Edward David Jr. Jones complained of abdominal pain stomach his inmate midgut while performing legal studies within law library D

2

Yard (Fac.)

Inmate was transported to (CHC) Central Health Clinical for medical observation by physician and registered nurses (MTA) with reason to believe that he contracted symptomatic of coronavirus due to COVID 19 pandemic quarantined.

After hours of medical exams, diagnosis and treatment what believed to be COVID 19, inmate was transported by ambulance service to San Joaquin General Hospital, MRN:611341, 500 West Hospital Road. French Camp, California 95231.

On March 20, 2021 San Joaquin general hospital physician and medical doctors determined that medical procedures (MRI) Magnetic Residue Imaging be provided.

On March 20, 2021: physician Sharma Hitasha M.D. discovered patient required and colonoscopy attempts to untanglement of colon intestines due to volvulus.

Thereafter colonoscopy surgery physician determined that patient colon intestines suffer from deficiency inmate health and the twisting of colon will reoccur again. Another medical surgery will be required.

On March 23, 2021 physician Carson, Frederick, M.D. performed the procedure, surgical operation and colectomy, MRN:611341. Due to long and interfered delay in medical treatment where parts of patient's colon intestines were forced to be removed after discovery of sigmoid volvulus in inmate colon intestines patient discharged from San Joaquin General Hospital after 14 days.

Inmate currently suffers discomfort from the medical surgery. Medical staff

3

and physician trained to produce the medical prognosis and identify or to establish what an inmate symptoms or diagnosis may be. Stomach pain problems associated with restroom dysfunction.

4
**DEFENDANTS (Continued)**

Crome -Named- (Defendant) Registered Nurse, Practitioner RN, (CHC) Central Health Clinic (Triage) Solano. 101A C/D. She is assigned as primary care provider licenture, registered nurse, Solano. Department, Vacaville, California 95696.

Nurse Crome -Named- (Defendant): Failed to adequately interfere in the delay in medical treatment, attributing to unwanton medical surgery nearly causing the death of, inmate/inpatient. This was prior to emergency medical surgery at San Joaquin General Hospital.

Does (Defendants) Lack of medical standard and care treatment and performance as primary care provider's remediral. Doe's primary care team. Doe's diagnosis and symptoms, medically subjectively preliminary exams and report neglection information hand down physician(s) attendings medically interferred, delayed in serious medical treatments. Jones' filings, 7362 medical complaint forms, grievance as to inmate colon intestinal, stomach obstructions, twisting and entanglement of, colon abdominal went on for a substantial amount of time.

Defendant M. Lorgoza (CEO) Chief Executive Officer assigned task high levels health care executive. Lorgoza's job description is to medically review disposition out/come inmate health grievance medical procedures.
Here, Lorgoza failed, to adequately examine and generate accurate medical reports establishing prior to medical emergency surgery.

Lorgoza was/is the Chief Supervisor, primary care prevention assigned to review condition and omission policy in which a prisoner may seek administrative remedies. This resulted in inmate's serious medical needs hazardous to inmate

5

health abdominal colon intestines diagnosis with sigmoid volvulus and undergoing emergency medical surgery colectomy due delay of treatments. Reviewable: claims and medical grievances filing. Log# (HC21000329) CSP Solano, Departmental, Vacaville, CA 95696.


S. Gates (Defendant) (CMO) Chief Medical Officer assigned task; headquarters. California Correctional Health Care Service Branch location actively, CCHCS, P.O. Box 588500. Elk Grove, California 95758.


Gates' job description is to review written complaints, medical (602) grievances, H/C appeal submitted by inmate inpatient: facilitates, Solano Department clinical/hospital.


The failure to explain employee's medical prevention policy decision action, condition and omission policy and regulation adverse effects care and medical issues and description of diagnosis.


S. Gates (CMO) Health Care Correspondent and appeal Branch Supervisor of policy and risk management service. California Correctional Health Care Service Headquarter's Levels Response, Dated: August 17, 2021.
Failed to accept and refulal and did neglect to establish liables of medical production cited; (DOM), Department Operational Manual, Sections. 93040.3, 93040.2.5 physicians and nurse's obligations priorities. Inmate's care and preventives plans primary care treatment Title 15 CCR Subchapter 1.


S. Gates declined liables of, primary care prevention: (PCP) team. Assigned to inmate inpatient, employee's staffer(s) (CHC) Central Health Clinical D/C 101A

6

Triage clinic. The interfered delay in medical treatment. Blanklet hindered treatment, deliberate indifference to inmate's serious medical need, abdominal colon complication intestines.

Therefore claimant should be awarded monetary damages and compensation and punitive in an amount to be determined at trial. Plaintiff asks this court to award claimant cost of all related suit and reasonable attorney fees and grant claimant such other in or the furtherance of relief as the court within this civil matters deems just and proper.

1

Claims' Opening Statements of Fact In Support of

Plaintiff, <u>Edward David Jr. Jones</u> (CDC No. K26983/PID No. 11147996 is the Claimant within the Openings of Statement of, Facts pursuant to the State of California Government Claim Dept. Gen. Ser. Office of Risk and Insurance Management.

1.) Plaintiff, <u>Edward David Jr. Jones</u>, K26983/PID: 11147996 claims medicalized mal-medical practices, inadequacy in medical treatments references inmate deliberate and indifferences to his inmate/prisoner serious medical and the safe **needs.** Appropriate treatments inpatient medical **(<u>Conditions encompass - (Blank Void) inmate deprivation.</u>)** Involuntary delay in treatments, medical references and complication of, the abdominal colon intestines stomach. Whereas inmate, requiring emergency medical treatment. This medical procedure is based on a neglection cast and temporary delays or interruption in medical treatment standard of, medicalized care on the safe prevention plan and treatments, provided by (CHC) Central Health Clinic (Triage.) Clinicals and managements, inmates and inpatients' locations. C/D Clinic 101A facilitates inmate's California State Prison, Solano, Department. (Housings/Units) 2100 Peabody Avenue. (Post Office Box 4000.) Vacaville, California, 95696. California Department Correctional Health and Services; Primary Care Providers (CDCR) Departmental California Department of Correction Rehabilitative Center. The Board of Review may consider the serious medical needs. Inquiry can properly take in account severity of, the temporary deprivation alleged by inmate/impatient.

**The Prisoner**

Claimant, Edward Jones, K26983. Plaintiff's Eighth Amendment claims maybe based on a defendant's conduct in exposing an inmate to an un-reasonable: risk of future harm and actual physical injury is not necessary in order to demonstrate an Eighth Amendment violation.

Simply put, prison clinical triage may not ignore medical conditions that are very likely to cause serious illness and needless suffering in the future even if medical has issues with serious current symptoms.

Although demonstrable adverse medical effects may not be required under the Eighth Amendment, the absence of present physical injury will often be probative (exams, test results and medical forensic/medical legal matters, consider evidence's jurisprudence, medicalized science and the knowledges of in assessing the risk of future harms, conjugations inflicts, of negligence mal-administrative mal-med practice.)

Deliberate Indifference/Summary outlined is shown by a purposeful act or failure to respond to an inmate/prisoner's pain or possible medical needs.

A.) Deliberate Indifference may be manifested when prison and officials deny, delay or unintentionally interfere with medical treatment or it may be shown by the way in which prison officials, physician(s) provide medical care where a prisoner is alleging a delay in receiving medical treatment. The delay must have led to further harm in order for the prisoner to make a claim of, I., II, III.

1.) Deliberate indifferences to an inmate's serious medical needs. Physicians Nay Aung and Mariana Loterstein attendings practitioners inmate colon intestines

3

abdominal stomach.


2.) Inmate/Prisoner's basic necessities medicalized care: Standards of medical treatment provided by Health and Safety Codes, instituted hazardous conditions.


3.) Emotional Stress infliction, conjugation, pain and suffering damages and injuries.


B.) Eighth Amendment violation; Cruel and Unusual Punishments.
Fourteenth Amendment, Due Process rights. Article 1. Sec.21, 31.
Deliberate indifference to serious medical needs. Prisoner rights to medical treatment.

A determination of deliberate indifference involves an examination of two elements:


1.) The seriousness of a prisoner's medical need(s) and the nature of the Defendants' response to that need. Deliberate indifference to medical needs amount to an United States Constitution and Eighth Amendment violation only if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and conjugations wanton infliction of pain and suffering. Either result is not the type of routine discomfort that is part of the penalty that a criminal offender pays for their offenses against society.

The existence of an injury that a reasonable doctor or patient would find important and worthy of, comment or treatment;
The present or presence of a medical condition that significantly affects individuals' daily activities or the existence of chronic and substantial pain are an example of an indication that a prisoner has a serious need for medical

4

treatment(s).

## Claims Information

**Cause led to Claimant injuries**

### Claim 1

Deliberate indifference to inmate's serious medical needs, inmate abdominal colon intestinal midgut stomach complication delay in treatment: Physician(s) Nay Aung and Practitioner Mariana Loterstein and medically attending employee's clinical Eighth Amendment violation cruel unusual punishments.

### Claim 2

Basic necessities medicalized and treatments inadequacy treatments, Health and Safety Codes, Prison Rights. Fourteenth Amendment. Due Process Rights.

### Claim 3

Emotional distress, Pain and Suffering, Traumatic Damages and Injury. Eighth Amendment Violations. Cruel and Unusual Punishment and Fourteenth Amendments; Due Process Rights.

### Statement of Facts

1.) Plaintiff, Edward David Jones, K26983, asserts his inmate constitutional rights. Eighth and Fourteenth Amendment. Medical malpractice, medicalized delay, refer to medical's treatment. Care colon intestines, complication of inmate stomach deliberate indifference to inmate's serious medical needs. (Title 42

U.S.C. §§28. 1915.; §1983 civil rights complaints.)


2.) Inmate is in custody of California Department of Corrections and
Rehabilitation. Inmate/inpatient care provided (CHC) medicals Central Health
Clinic (Triage) a 101 D/C. Facilitates department primary care providers,
physician(s) registers nurses and MTA-LVN-Meds.Tech assists-licence vocational
nurses staffers employees, California State Prison Solano, Departmental,
Vacaville, California 95696.


3.) California Correctional Health Care Service (Headquarters) superintendents
Chief Medical Officers assigned audit reviews grievance complaints medical
reports errors clinical and/or issues malpractice treatment employee's primary
care (Meds) <u>Providers, Post Office Box 58850, Elk Grove, California, 95696.</u>


A. Deliberate Indifference may be manifested when prison officials deny,
delay or intentionally interfere with medical treatment or it may be shown by the
way in which prison physicians provide a medical treatment. The delays must have
led to further harm in order for a prisoner to make claims of, deliberate
indifference to serious medical needs, prisoner rights to medical treatments.


**Defendants**


4.) <u>Mariana Loterstein.</u> (Defendant) Physician attending practitioner medicals
(CHC) Central Health Clinical assigned to inmate inpatient as primary care
provider licenture doctor failed to adequately provide medical treatment,
interfere delay in medical treatment prescribed colon intestines complication
abdominal(s).

5.) Failed to medically forecast or to know prognosis the probable course of
disease in inmate, his chances to recover. The cause of injury was inaccurately
diagnosed by that physician and prognosis standard prediction serving the medical
basis for trained license physician standards of care and treatment interfere
delay treatment did result in emergency surgery procedure/surgical history
colectomy: 3/23/2021, and further medical procedures report request Id:
345178450, on behalf of San Joaquin General Hospital, 500 W. Hosp, Road, French
Camp, Califoria, 95231. (Assigned Dated:                )

6.) Nay Aung. P and S. (Defendant) Physician attending medical practitioner (CHC)
Central Health Clinic (Triage) assigned to inmate inpatient Primary Care
Provider, licenture physician medically.

7.) Physician Nay Aung failed to adequately interfere the delay in medical
treatment, care and inmate treatment; medicalize prognosis to bring about decided
medical methods and disease and illness diagnosis concepts dealing with medical
complaint problems, assuming prognosis conclusion of the courses physical medical
examination and reasonings.

8.) Inmate medical treatment, inpatient colon intestines abdominal stomach
several complaints/medical grievances filed by inmate were blatantly disregarded
encompass uninattentives medically forecast physician. Nay Aung knew prognosis,
probable course of disease, chances of recover and voided the probable course
surgery or the inmate's chances of recovery.

9.) Interfere delay in medical treatment. Inmate required unwanton pain and
suffering, requiring medical urgent emergency surgery due to volvulus twisting

of colon intestines, larger signaled transverse lleum; abdominal stomach/inmate patient midguts.

10.) <u>Marcus Smith RN</u>: Registered Nurse attending practitioner (CHC) Central Health Clinical (Triage) SOL 101 A D/C. Assigned inmate inpatient as primary care provider licenture, registered nurse, active deployed medically by Solano Department, Vacaville, CA 95696.

11.) Registered nurse <u>Marcus Smith, RN</u> (Defendant) failed adequately to interfere in the delay in medical treatment medicalizes references inmate colon intestines stomach pain and complication medical treatment inmate condition exams. Preliminary nurse diagnosis inmate sickness illness and health RN conclusions forecast assuming the course of complaint, stomach pain and symptoms knowledge preditiorys causation of inmate damages and serious injuries.

12.) Inmate/inpatient's complaint medical interview exams. RN <u>Marcus Smith</u> (Defendant) registered nurse (CHC) Central Health Clinic interviews medical state of California Health Care Service Request forms. CDCR 7362, Part 1: to be completed by the patient (Rev. 03/19).

13.) Inmate (<u>Complaint of stomach pains and complication</u>) to be completed by the patient. Inmate "reason you are requesting health care services the described inmate, your health problem and how long."

14.) "Inmate, you have had problem Part II: to be completed by triage, registered nurse, date/time received by RN: Marcus Smith, registered nurse, see: encounter form.

8

15.) Medical complaint and grievances establish the directives in communication. Inmate inpatient and physicians and registered nurses medical staffers, condition treatment our review medicalized hand/down inmate diagnosis sickness illness health symptomatic health condition inmate data is chronological brief medical informations receivership of physician Mariana Loterstein, Defendant, attending medical practitioner primary care provider.

16.) Medical prevention plan in accordance with medical procedures clarifying conditions of inmate physical health diagnosis distinguishes medical complication in identifying disease conditions.

17.) Defendant, RN Marcus Smith, registered nurse failed to interfere in the delay in medical treatment, inmate colon intestines, neglect by medical exams. Laboratory test and nurse medical trouble/shooting inmate physical examination diagnosis classification nurse based the medical decision and opinions, inmate complication colon intestines abdominal stomach, description prognosticate.

18.) Crome -Named-  (Defendant) Registered Nurse, Practitioner RN, (CHC) Central Health Clinic (Triage) Solano. 101A C/D. She is assigned as primary care provider licenture, registered nurse, Solano. Department, Vacaville, California 95696.

19.) Nurse Crome -Named- (Defendant): Failed to adequately interfere in the delay in medical treatment, medicalized plans and preventive inmate, colon intestines, volvulus twisting of, colon sigmoid chronic condition symptoms attributing to unwanton medical surgery nearly causing the death of, inmate/inpatient. This was prior to emergency medical surgery at San Joaquin General Hospital.

20.) Inpatient deliberate indifference to his inmate patient right to adequate care and medical treatments health, and safety medical nurse prognosticate exams, or diagnosis to foretell or predict complication, signs medical indication before/hand inmate his (Colon) stomach pain and symptomatic, of, illness and sickness based on nurse's decision opinions. Inmate, grievances, medical 7362: triage nurse encounters.

21.) Does (Defendants). Employee's medical staffers frequently mention attending medical practitioners (PCT) Primary Care Team. Assignments. Job (CHC) Central Health Clinical (Triage) 101A D/C. Physician P.S. and (RN) registered nurse (LVN) licence vocational nurse (MTA) Medical Tech assists medical's deployment in (his or her) assigned medicalized away to administer medical treatment and care.

22.) Does (Defendants) Lack of medical standard and care treatment and performance as primary care provider's remediral. Doe's primary care team. Doe's diagnosis and symptoms, medically subjectively preliminary exams and report neglection information hand down physician(s) attendings medically interferred, delayed in serious medical treatments, inmate filings, 7362 medical complaint forms, grievance as to inmate colon intestinal, stomach obstructions, twisting and entanglement of, colon abdominal.

23.) Inmate filed medical reports months, possibly years before consideration and determination that inpatient required emergency surgery. Due to the lack of medical treatments, the malfeasance nearly at one point of this medical crisis caused death.

24.) Defendant M. Lorgoza (CEO) Chief Executive Officer assigned task high levels

health care executive. Employee, California State Prison (CDCR) California
Department of Corrections and Rehabilitation Center, Solano, Department assigned
task discription. A.) Medically review disposition out/come inmate health
grievance medical procedures.

25.) Failed, to adequately examine and generate accurate medical reports
establishing prior to medical emergency surgery. Reviews of diagnosis decisions
and opinions based on such findings. Supervisor's obligation is to review and
identify disease volvulus medicalized, making a prima facie showing.

26.) Referred to delay in medical treatment the presumption of, prognosis medical
conclusion and facts. Chief Supervisor, primary care prevention assigned to
review condition and omission policy in which a prisoner may seek administrative
remedies.

27.) Inmate inpatient safe-well beings, resulting in deliberate indifferences to
inmate's serious medical needs hazardous to inmate health abdominal colon
intestines diagnosis with sigmoid volvulus and undergoing emergency medical
surgery colectomy due delay of treatments. Reviewable: claims and medical
grievances filing. Log# (HC21000329) CSP Solano, Departmental, Vacaville, CA
95696.

28.) S. Gates (Defendant) (CMO) Chief Medical Officer assigned task;
headquarters. California Correctional Health Care Service Branch location
actively, CCHCS, P.O. Box 588500. Elk Grove, California 95758.

29.) Job Employee's Description (1.) Review written complaints, medical (602)

grievances, H/C appeal submitted by inmate inpatient: facilitates, Solano Department clinical/hospital.

30.) <u>S. Gates</u> (Defendant) failed to adequately satisfy medical practices and procedures mal-medical practices and mal-administrative. The failure to explain employee's medical prevention policy decision action, condition and omission policy and regulation adverse effects care and medical issues and description of diagnosis.

31.) The evaluation medical screening tracking number (Sol H/C 211000329), rules and regulations and health care grievance appeal summary, inmate disagreement with treatment, (PCP) health records (Olsen Review Health Records). Description regarding complaint of abdominal pain and the stomach complication. Audit of health record exhaustion of administrative remedies.

32.) <u>S. Gates</u> (CMO) Health Care Correspondent and appeal Branch Supervisor of policy and risk management service. California Correctional Health Care Service Headquarter's Levels Response, Dated: August 17, 2021.

33.) Failed to accept and refulal and did neglect to establish liables of medical production cited; (DOM), Department Operational Manual, Sections. 93040.3, 93040.2.5 physicians and nurse's obligations priorities. Inmate's care and preventives plans primary care treatment Title 15 CCR Subchapter 1.

34.) Sections. 3999.100. Governance Rule Regulation Health Care Service Delivery System program guide California Department of Corrections and Rehabilitation <u>Department Operational Manual.</u>

35.) Reference medical management S. Gates declined liables of, primary care
prevention: (PCP) team. Assigned to inmate inpatient, employee's staffer(s) (CHC)
Central Health Clinical D/C 101A Triage clinic. The interfered delay in medical
treatment. Blanklet hindered treatment, deliberate indifference to inmate's
serious medical need, abdominal colon complication intestines.

36.) Test report revealed that inmate suffered complication abdominal colon
intestines inmate inside midgut stomach external intestines twisting due to
voluvus disease.

37.) Inmate digestive tract created discomfort, pain and swallowing, cutting off
of blood and circumlation, and disrupturing due to colon twist
intestines–intertwining extending from stomach to anus intestines attached bowels
attributing to hemmoraging pain for months and years predication due to interfere
delay in medical treatments.

38.) Inmate repeatedly filed H/C 7362 medical form with frequent problems and
symptoms. Obstruction interfered delay in medical treatment. There was an
exorbitant amount of leakage of sepsis poisonous toxins. The spreading throughout
his body, feet and legs at some point causing numbness and bloating. The swelling
of Plaintiff's stomach resulted in emergency restroom trips, blood drainage,
constipation, stool and cramping painful for days and nights.

39.) One medical official Plaintiff recalls stating was "How could someone's
colon intestines go unnoticed without exams or and preliminary scoptories exams.
Physician(s), staff(s) of San Joaquin General Hospital. (See: Chronological
Medical Reports.)

40.) Inmate was prognosed with colon **volvulus**, abdominal and complications in his digestive tract. Inmate submits forms. H/C, 7362 complaints of, symptoms of, abdominal pain intestines stomach, interfered delay in treatment to block and hinder medical performance in which emergence medical treatment, referred to physician, San Joaquin General Hospital. Thereafter lack of important medical priority essentially to leave out, alter, put off, and/or delay in treatment. Deliberate indifference to an inmate's serious medical needs.

41.) On March 19, 2021 inmate Edward David Jr. Jones complained of abdominal pain stomach his inmate midgut while performing legal studies within law library D Yard (Fac.)

42.) Inmate was transported to (CHC) Central Health Clinical for medical observation by <u>physician and registered nurses</u> (MTA) with reason to believe that he contracted symptomatic of coronavirus due to COVID 19 pandemic quarantined.

43.) After hours of medical exams, diagnosis and treatment what believed to be COVID 19, inmate was transported by ambulance service to San Joaquin General Hospital, MRN:611341, 500 West Hospital Road. French Camp, California 95231.

44.) On March 20, 2021 San Joaquin general hospital physician and medical doctors determined that medical procedures (MRI) Magnetic Residue Imaging be provided.

45.) On <u>March 20, 2021</u>: physician Sharma Hitasha M.D. discovered patient required and colonoscopy attempts to untanglement of colon intestines due to volvulus.

46.) Thereafter colonoscopy surgery physician determined that patient colon

intestines suffer from <u>deficiency inmate</u> health and the twisting of colon will reoccur again. Another medical surgery will be required.

47.) On <u>March 23, 2021</u> physician Carson, Frederick, M.D. performed the procedure, surgical operation and colectomy, MRN:611341. Due to long and interfered delay in medical treatment where parts of patient's colon intestines were forced to be removed after discovery of sigmoid volvulus in inmate colon intestines patient discharged from San Joaquin General Hospital after 14 days.

48.) Inmate currently suffers discomfort from the medical surgery. Medical staff and physician trained to produce the medical prognosis and identify or to establish what an inmate symptoms or diagnosis may be. Stomach pain problems associated with restroom dysfunction. It is simple to connect the dots with respect to what is the inmate's serious medical needs. CSP Solano's (CHC) Central Health Clinic has the best medical equipment that the State of California may afford. There are no excuses why Plaintiff Jones nearly died from reported medical injuries.

49.) Claimant cites claims pursuant to Sections 811.2, Public Entity define; Government Codes 10281, Public Employee's duty to respond to subpoena and to testify to certain questions.

50.) Pursuant to Government Code §1027.5, Legislative Sections (a) through (e) findings.

Therefore claimant should be awarded monetary damages and compensation and punitive in an amount to be determined at trial.

Plaintiff asks this court to award claimant cost of all related suit and reasonable attorney fees and grant claimant such other in or the furtherance of relief as the court within this civil matters deems just and proper.


**Claim III**


1.) Emotional distress. Pain and suffering, traumatic; state of inmate's mind and condition. Psychological well being. Damages and injuries.

Fourth Amendment violation. Due process rights. Article 1. Sections 7 and 17.

Free from cruel and unusual punishment.

Cited: The characteristics of mental illness thus create and special problem regarding informed consent. Inmate with psychological problems and mental health problems and holdings chrono.

Even if the state usually might be justified in taking at face value a person's request for admission to a hospital for medical treatment it may not be justified in doing so without further inquiry as to a mentally ill person's request for admission and treatment at a mental or medical hospital.


2.) Deliberate indifference to an inmate's serious medical needs. Inmate colon intestines due to interfered delay in medical.

Post/reviewable M/H dated: Nov. 23, 2021 psychiatric, care and treatment.

CSP Solano, Vacaville, CA 95696.

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (08/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

**STAFF USE ONLY**

Institution: SOL HC          Tracking #: 21000329

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
Do not exceed more than one row of text per line. WRITE, PRINT, OR TYPE CLEARLY in black or blue ink.

Name (Last, First, MI): Jones, Edward D.     CDCR Number: K26983     Unit/Cell Number: D-22 11/5L

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy):

Subchapter 3. Health Care Operatives Article 1. Complete Care Model 3999.301. Scope of Patient Care Services; (a)(2)(b)(2)(4) Patient Jones Edward D. K26983. (Exhastion of Administrative Remedy Request, Adult Medical Review of, Initial and ongoing Health Risk Inmate, Emergency Medical Treatment Number MRN. 611341 (HMO) Provided by San Joaquin Hospital Discharged: 3/31/2021 Emergency-operation Due to, Cohol Stomach Complications, Medical Mal-Treatments and Practices Patient Cohol) Excluded From PCT in Establishing diagnoses and Making recommendation For additional diagnostic work-up (California Correctional Health Care Services, Contracted Providers; Sol-California State Prison, Solano 2100 Peabody Road P.O. Box 4000, Vacaville, California, 95696. PID# 1147996.

Grievant Signature: Edward Jones     Date Submitted: 4/6/2021

**SECTION B:** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section B only (Dissatisfied with Health Care Grievance Response):

Dissatisfied out/Patient-Inmate, Edward Devin Jr. Jones, PID 1147996. base His Claim Medicals Reasoning(s) Deliberate Indifference regard to I/M's Inmate-Serious Medical Needs. In respouse to; Adequate violation(s) (A) 1) Article 4 Professional Workforce 3999.130 Medical Provider Ont-Boarding (a) (b) 2) 3999.132) Safety Assessments (a) Thr. (C) 3999.141 Peer Review Formal Investigations (a) (1) (2) (b) i Thr. 5. Failure to Perform required Standard of Care and (4) Failure to practice within and Know Competencies (3999.142) Formal Appeal of a Final Propose Action (b) The Medical Provider Shall Also serve a Copy of the appeal to the Professional Practice Evaluation Support unit at CDCR/CCHCS, P.O. Box 58850, Elk [   ] Grove California, 95758, to the Professional Practice Eval. Supp/unit

Grievant Signature: Edward D. Jnr Jones     Date Submitted: 6/14/2021 (Side: E.)

RECEIVED
SOL
APR - 7 2021
HCGO

RECEIVED
HCCAB
JUN 1 8 2021

COMPLETE
AUG 1 8 2021

**STAFF USE ONLY**

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking # SCC HC 2100039

| STAFF USE ONLY | Grievants do not write in this area. Grievance Interview Clarification: Document issue(s) clarified during interview |
|---|---|

Staff Name and Title: _____

Signature: _____    Date: _____

## STAFF USE ONLY

Distribution: Original - Returned to grievant after completed. Scanned Copy - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**
Page 2 of 2
**CDCR 602 HC (Rev. 10/18)**
Tracking #: SLHC 21000329

| SECTION C: | **Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response**, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |

dissatisfied. Appellant or Inmate' out/patient Claims deliberate In-
difference to. Inmate Serious Medical Needs Inmate Primary Care Provider
Condition PHYsically. 8th Amendment Violations U.S. Const.
At which EXHaustation OF Administrative Review.
delays in Medical Treatment. out/Patient Covid Abdominal Pain
and Suffered Stomach Complication.

Grievant Signature: _Edward D Quick A. Jones_    Date Submitted: _June 16th, 2021._

| SECTION D: | **HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only** | Is a CDCR 602 HC A attached? ☒ Yes    ☐ No |

This grievance has been:

☐ Rejected (See attached letter for instruction):    Date: _____    Date: _____

☐ Withdrawn (see section E)   ☒ Accepted

☐ Amendment    Date: _____

Interview Conducted?    ☐ Yes  ☒ No    Date of Interview: _____    Interview Location: _____

Interviewer Name and Title (print): _____    Signature: _____    Date: _____

| **Disposition:** See attached letter | ☐ Intervention | ☒ No Intervention |

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant:    AUG 1 8 2021

| SECTION E: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |

Grievant Signature: _____    Date Submitted: _____

Staff Name and Title (Print): _____    Signature: _____    Date: _____

# STAFF USE ONLY

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**                                                              Page 1 of 2
CDCR 602 HC (Rev. 10/18)

| STAFF USE ONLY | Expedited?  ☐ Yes  ☒ No | Tracking #: SOL HC 21000339 |
|---|---|---|

J. Barriga  RN                              JB - RN                        4/7/2021
Staff Name and Title (Print)                    Signature                        Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): Jones, Edward | CDCR #: K26983 | Unit/Cell #: D22-11-5L |
|---|---|---|

**SECTION A:** Explain the applied health care policy, decision, action, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

See attached 602 HC-A

Supporting Documents Attached. Refer to CCR 3999.227  ☒ Yes  ☐ No  EMERGENCY Medical Dispatched Records

Grievant Signature: _Edward A. Jr. Jones_          Date Submitted: 6/16/2021.

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.   ☑ EJ

| SECTION B: | HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☒ Yes  ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):  Date: _____  Date: _____

☐ Withdrawn (see section E)

☒ Accepted    Assigned To: A. Barriga    Title: HCARN    Date Assigned: 4/13/21    Date Due: 6/10/21

Interview Conducted?    ☐ Yes  ☒ No    Date of Interview: _____    Interview Location: _____

Interviewer Name and Title (print): J. Barriga RN    Signature: JB - RN    Date: 6/8/2021

Reviewing Authority
Name and Title (print): N. Largoza, CR&S    Signature: [signature]    Date: JUN 10 2021

| Disposition: See attached letter | ☐ Intervention | ☒ No Intervention |
|---|---|---|

HCGO Use Only: Date closed and mailed/delivered to grievant: JUN 10 2021

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: N.L.

RECEIVED
SOL
APR - 7 2021
HCGO

RECEIVED
STAFF USE ONLY
HCGO
JUN 18 2021

COMPLY
STAFF USE ONLY
AUG 18 2021

**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 06/17)

Tracking #: Sol HC 21000546

| SECTION B: | Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section B of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

Please Consider Medical Interfere delay the Medical treatment inpatient inmates claims of deliberate and the indifference to inpatient medical need serious Medicalized treatment, inmate Health and safety codes Emergency Medical treatment inpatient colon infections Disease various twisting of inmate Colon Complication Recent Medical Emergency Surgeon and the Claims of Mental Cruelty emotion distress inmate Infliction of pain and suffer unwanton pain conjuncture of Medical Negligence interfered delay the medical treatments. Eighth Amendment violation Title 15 CCR

| Grievant Signature: Edward Henry | Date Submitted: 12 / 1 / 2021 |
|---|---|

| HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only | | Is a CDCR 602 HC A attached?  ☐ Yes    ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):    Date: _____    Date: _____

☐ Withdrawn (see section C)

☐ Accepted

Interview Conducted?    ☐ Yes  ☐ No    Date of Interview: _____    Interview Location: _____

Interviewer Name and Title (print): _____    Signature: _____    Date: _____

| Disposition: See attached letter | ☐ Intervention | ☐ No Further Intervention | ☐ No Intervention |
|---|---|---|---|

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant:

| SECTION C: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |
|---|---|

| Grievant Signature: | Date Submitted: |
|---|---|
| Staff Name and Title (Print): | Signature: | Date: |

COMPLETED
HCCAB
Amendment
JAN 1 4 2022

**STAFF USE ONLY**

Distribution: Original - Returned to grievant after completed; Scanned Copy - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**                                                                    Page 1 of 2
**CDCR 602 HC (Rev. 06/17)**

| STAFF USE ONLY | Expedited? ☐ Yes ☐ No | Institution: | Tracking #: SOL HC 21010 5446 |
|---|---|---|---|

| Staff Name and Title (Print) | Signature | Date |
|---|---|---|

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing.  Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): Jones, Edwards | CDCR #: K26983 | Unit/Cell #: |
|---|---|---|

| **SECTION A:** | Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy. |
|---|---|

*If you need more space, use Section A of the CDCR 602 HC A*

☐ Supporting Documents: Refer to CCR 3087.2. List supporting documents attached:

☐ No, I have not attached any supporting documents. Reason:

| Grievant Signature: | Date Submitted: |
|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [          ]

HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only          Is a CDCR 602 HC A attached? ☐ Yes          ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____

☐ Withdrawn (see section C)

☐ Accepted      Assigned To: _____   Title: _____   Date Assigned: _____   Date Due: _____

Interview Conducted? ☐ Yes ☐ No   Date of Interview: _____   Interview Location: _____

| Interviewer Name and Title (print): | Signature: | Date: |
|---|---|---|
| Reviewing Authority Name and Title (print): | Signature: | Date: |

Disposition: See attached letter   ☐ Intervention          ☐ No Further Intervention          ☐ No Intervention

*If dissatisfied with Institutional Level Response, complete Section B.*

HCGO Use Only: Date closed and mailed/delivered to grievant:

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | | |
|---|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions | RECEIVED HCCAP NOV 0 3 2021 | COMPLETED HCCAB APPROVE JAN 1 4 2022 | COMPLETED SOL ONLY FEB -4 2022 |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information | | |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | | |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | | |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | | |
| 4. Comments: | | | | HCGO |

 **CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES



### Institutional Level Assignment Notice

**Date:**   April 16, 2021

**To:**    JONES, EDWARD (K26983)
           # D 022 1011005LP
           California State Prison – Solano
           P. O. Box 4000
           Vacaville, CA 95696-4000

**Tracking #:**  SOL HC 21000329 *Colon*

**Due Date:**   6/10/2021

The Health Care Grievance Office has accepted your health care grievance for response. If you need additional information regarding your health care grievance, contact the health care grievance coordinator at your institution.

California Code of Regulations, Title 15, Section 3999.226(c), states "The grievant has the right to submit one health care grievance every 14 calendar days, unless it is accepted as an expedited grievance. The 14 calendar day period shall commence on the calendar day following the grievant's last accepted health care grievance." Health care grievances submitted in excess of these limitations may be subject to rejection per California Code of Regulations, Title 15, Section 3999.234(a)(1).

If you have additional health care needs, you are advised to utilize approved processes to access health care services in accordance with California Correctional Health Care Services policy.

Health Care Grievance Office Representative
California State Prison – Solano



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response

**Closing Date:**   JUN 1 0 2021

**To:**        JONES, EDWARD (K26983)
               D 022 1011005LP
               California State Prison – Solano
               P. O. Box 4000
               Vacaville, CA 95696-4000

**Tracking #:**  SOL HC 21000329

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|-------|-------------|
| Issue: Disagreement with Treatment (Primary Care Provider ) | "Stomach complications... additional diagnostic work-up" |

## INTERVIEW
It is the priority of California Correctional Health Care Services to protect the health and well-being of our staff and the patient population. In an effort to reduce staff and patient exposure to COVID-19 and to help conserve limited resources, CSP-Solano has not conducted an interview. While you were not interviewed regarding your health care grievance issues, your health care grievance was assigned and reviewed per California Code of Regulations, Title 15, Section [3999.228; 3999.230]. There is no indication that an interview would have changed the outcome of the health care grievance review.

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.      [ ] Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:

- You were initially seen in the TTA on March 19, 2021 following a medical code called for abdominal pain. At this time, you reported experiencing nausea with vomiting, abdominal pain, and constipation. Initial treatments in the TTA including fleet enema, IV fluids, anti-emetics, and magnesium citrate failed, and due to your continued complaints, you were sent out to a higher level of care due to concerns for bowel obstruction. You were ultimately admitted, diagnosed, and treated for sigmoid volvulus, and subsequently undergoing partial

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

colectomy. Upon hospital discharge and return to the institution on April 1, 2021, you are noted to being provided specific accommodations, such as a lay-in, a bottom bunk chrono, and a lifting restriction. You followed up with a Primary Care Provider (PCP) upon return on April 5, 2021 and were ordered wound care with a plan to follow-up with the General Surgeon. Noted on April 8, 2021 during a wound care visit with medical staff, you were noted with abnormal wound healing, which was consulted with the PCP. Per PCP assessment, your condition was remarkable for wound dehiscence, noting a partial opening of laparoscopic scar with draining of straw color, foul smelling fluid and localized tenderness. You denied any fever, chills, nausea, vomiting, and constipation/diarrhea at this time and you were sent out for higher level of care for wound debridement and re-closure. You are noted as returning the same day and were seen by a TTA nurse upon arrival, who notified a PCP of your return. The PCP noted the plan for the offsite hospital return follow-up and to continue with ordered wound care. You were seen by the PCP for the offsite medical return appointment on April 14, 2021 and noted your surgical sight as clean with no sign of infection. The plan was to conduct dressing changes twice a week, with a plan to follow-up with a General Surgeon within two weeks. You were seen by the General Surgeon on April 19, 2021. Per encounter notes, you presented without acute pain complaints, noted as tolerating a soft diet, and denied any significant constipation, nausea, or vomiting. Additionally, your wound site was noted as healing well. The plan at this time, was to follow back up with General Surgeon in two weeks to monitor for continued wound healing. Following this, you were seen by the PCP to discuss your visit, as noted on medical encounter notes for April 27, 2021. You were next seen for a follow-up by a General Surgeon on May 4, 2021 and in summary, you were noted without complaints and noted with a well healed surgical site. At this time, the general surgeon noted there was no need for additional specialist provider visits. Following this, you were seen by a PCP on May 13, 2021 to discuss the latest general surgery consult notes with you and indicated at this visit, your wound site was healed. You were advised to continue with activity modification and your lower/bottom bunk and lay-in were extended an additional three months. Since this time, you are noted as submitting a CDCR 7362, Health Care Services Request, relating to abdominal pain and you were seen by a primary care registered nurse (PCRN) on June 3, 2021. Per nurse assessment, your condition was noted as overall unremarkable with no PCP follow-up indicated. You currently remain with an active order for a PCP follow-up pending scheduling for a medical follow-up. Review of your medical records reflect you have routinely been seen by medical staff including a PCP, PCRN, and general surgeon, as medically indicated and/or as scheduled and you remain with a medical plan of care in place. No further intervention required at this time.

• The health and safety of our population is of critical importance to the California Department of Corrections and Rehabilitation and California Correctional Health Care Services. While our agency is working together to appropriately respond to the COVID-19 crisis, we will continue to provide urgent and emergent health care services. To reduce risks to both patients and staff, inmate movement will be minimized. In addition, some specialty and routine care may be delayed as a result of both internal redirections and external closures. All cancelled appointments will be rescheduled as soon as safely possible. If you have health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

• Due to the Centers for Disease Control and Prevention recommendation for social distancing during the COVID-19 pandemic, some signatures or other notations on the CDCR 602 HC, Health Care Grievance, may be missing. This does not indicate the health care grievance was not completely processed per California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5.



RECEIVED
HCCAB
JUN 18 2021

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

E.JONES, K26983
SOL HC21000329
Page 3 of 3

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

JUN 1 0 2021

_____
N. Largoza, M.D.
Chief Physician & Surgeon
CCHCS
California State Prison – Solano

Reviewed and Signed Date



Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**



## CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Headquarters' Level Response

**Closing Date:** AUG 1 8 2021

**To:** JONES, EDWARD (K26983)
California State Prison – Solano
P. O. Box 4000
Vacaville, CA 95696-4000

**From:** California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:** SOL HC 21000329

### RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

### HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | Description |
|---|---|
| Issue: Disagreement with Treatment (PCP) | Regarding complaint of abdominal pain and stomach complications. |
| Issue: Health Records (Olsen Review [*Health Records*]) | Audit of health records. |
| Issue: Grievances (Administrative Remedy Exhaustion) | Exhaustion of administrative remedies. |

### HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.     [ ] Intervention.

### BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed.

You alleged negligent care and/or delayed medical treatment; however, your allegation is refuted by professional health care staff familiar with your health care history, as well as a review of your health record. There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures. While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

As noted in the Institutional Level Response, you were seen in the Triage and Treatment Area for a complaint of abdominal pain on March 19, 2021. Upon completion of x-rays and assessment, you were sent offsite for higher level of care, where you were found to have sigmoid volvulus and were admitted under general surgery service for further management. Hospital records indicate consultation with gastroenterology specialist, completion of colonoscopy diagnostic, and surgical intervention of sigmoid colectomy. You were discharged back to the institution in stable condition on April 1, 2021.

You have continued to receive post-operative care, including accommodations, wound care, medication, specialist follow-up consultation, and primary care provider evaluations. You were recently seen by the primary care provider on August 5, 2021. Your history of partial sigmoid resection was noted, for which you reported some residual lower abdominal pain when ambulating long distances. The surgical site was assessed as well healed, and physical examination of abdomen was recorded to be reassuring. You were advised to anticipate improvement over time, and a plan of care was discussed to include continuing acetaminophen for pain control and temporary bottom bunk housing restriction through November 2021.

Your medical condition will continue to be monitored with care provided as determined medically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

The guidelines for requesting review/copies of a patient's health record are outlined in the Health Care Department Operations Manual, Section 2.3.4, Release of Information.

Your health care grievance was processed per California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5. California Correctional Health Care Services takes your complaint against any personnel seriously and all efforts are made to ensure these matters are researched and responded to accordingly. However, it is not in the purview of grievants to dictate administrative actions regarding health care grievance review, disciplinary measures, or adverse action against staff. Further, all such personnel actions are confidential.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

Digitally signed by
HCCAB
Date: 2021.08.17
14:40:23 -07'00'

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

August 17, 2021

Reviewed and Signed Date

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

158261

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**                                                              Page 1 of 2
CDCR 602 HC (Rev. 06/17)

| STAFF USE ONLY | Expedited? | ☐ Yes | ☐ No | Institution: SOL HC | Tracking #: 21000546 |
|---|---|---|---|---|---|

Staff Name and Title (Print)                    Signature                            Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR). Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI):                                                    CDCR #: K26983    Unit/Cell #: D-22-115 Lower
JONES, Edward David

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy. Claims of Inmates Basic Nessessities Eighth Amnd/Cohort Medicals Applicant Jones, Edward David is an Inpatient Housed at CSR SOLANO. And files CDCR 602 HC. Grievance Exhaustion of Administrative Remedies Claims. I. Rebuts to Remote his assigned Housing units Subjectively; Inmates Basic Nessessities - Prison Right's Condition Concerning a Single Issues or Multiple Condition. In Some cases Violated the Eighth Amendment, Some of the Condition Challenged under this amendment Involve Medical Care; Cruel Unusual punishment a. Have Right's Constitionally to be Free from Cruel Unusual punishment Conditions deliberate Indiffence Neglections/ Medical Cares. If you need more space, use Section A of the CDCR 602 HC A

☑ Supporting Documents: Refer to CCR 3087.2. List supporting documents attached: Title 15 CCR 3999.98. Definitions.
Verification: Forms. Exhaustions of Administrative Remedies Basic Nessessities Declaration of Eighth's. Penal Codes. 1473. Recipirol of Chapter 2 Rules Regulations HCServices    Article (HC Definitions)

☐ No, I have not attached any supporting documents. Reason:

Grievant Signature: Edward D. Jones                    Date Submitted: 8/24/2021

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.    EJ.

| HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☐ Yes ☐ No |
|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction): Date:        Date:                    AUG 31 2021

☐ Withdrawn (see section C)

☐ Accepted    Assigned To:            Title:            Date Assigned:        Date Due:

Interview Conducted?    ☐ Yes ☐ No    Date of Interview:            Interview Location:

Interviewer Name and Title (print):            Signature:                    Date:

Reviewing Authority
Name and Title (print):                Signature:                    Date:

Disposition: See attached letter    ☐ Intervention        ☐ No Further Intervention    ☐ No Intervention

If dissatisfied with Institutional Level Response, complete Section B.

HCGO Use Only: Date closed and mailed/delivered to grievant:    RECEIVED

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | SOL |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions | AUG 27 2021 |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information | **STAFF USE ONLY** |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | HCGO |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | |

4. Comments: 6.6

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

IS8261

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☐ No | Tracking #: SOL HC 21000546 |
|---|---|---|

Staff Name and Title (Print) _____  Signature _____  Date _____

If you think you have a **medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First, MI): Jones, Edward | CDCR #: K96983 | Unit/Cell #: 022-11-5L |
|---|---|---|

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

See attached CDCR 602 HC ( Rev. 6/17 )

RECEIVED
AUG 31 2021
CSP SOLANO
APPEALS OFFICE

Supporting Documents Attached. Refer to CCR 3999.227  ☐ Yes  ☐ No

Grievant Signature: _____  Date Submitted: _____

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [_____]

| **SECTION B:** | HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☐ Yes ☒ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____  Date: _____

☐ Withdrawn (see section E)

☐ Accepted    Assigned To: _____  Title: _____  Date Assigned: _____  Date Due: _____

Interview Conducted?  ☐ Yes ☐ No  Date of Interview: _____  Interview Location: _____

Interviewer Name and Title (print): _____  Signature: _____  Date: _____

Reviewing Authority
Name and Title (print): _____  Signature: _____  Date: _____

Disposition: See attached letter  ☐ Intervention  ☐ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant: _____

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: #B 6.6

RECEIVED
SOL
AUG 27 2021
HCGO

RECEIVED
STAFF USE
NOV 03 2021
HCCAR

COMPLETED
HCCAB
RNXXXX
JAN 14 2022

COMPLETED
SOL
FEB 4 2022
HCGO

STATE OF CALIFORNIA
Case 2:22-cv-00639-DJC-DMC    Document 12    Filed 07/07/22    Page 43 of 66
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 06/17)
Page 2 of 2

Tracking #: So1 HC 21000546

**SECTION B:** Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section B of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758.

Please's Consider Medical Interfere delay The Medical Treatment Assailant Inmate Claims of deliberate and The Indifferences to Inpatient Medical Need Serious Medicalized Treatment, Inmate Health and Safety (Codes Emergency Medical Treatment inpatient colon infections Disease Volunteers Twisting of Inmate Colon (implication Recent Medical emergency Surgical and the Claims of Mental Cruelty Emotion distress Inmate Infliction of Pain and Suffer unwontom Pain Conjuncture of Medical Neglection Interfered delay to Medical Treatments. Eighth Amendment Violation Title 15 CCR

Grievant Signature: Edward Jones          Date Submitted: 11 / 1 / 2021

**HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only**    Is a CDCR 602 HC A attached?  ☐ Yes  ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction):    Date: _____    Date: _____

☐ Withdrawn (see section C)

☐ Accepted

Interview Conducted?  ☐ Yes  ☐ No    Date of Interview: _____    Interview Location: _____

Interviewer Name and Title (print): _____    Signature: _____    Date: _____

**Disposition:** See attached letter    ☐ Intervention    ☐ No Further Intervention    ☐ No Intervention

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant:

**SECTION C:** Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason:

_____

_____

_____

Grievant Signature: _____          Date Submitted: _____

Staff Name and Title (Print): _____    Signature: _____    Date: _____

COMPLETED
HCCAB
Amendment
JAN 14 2022

**S T A F F   U S E   O N L Y**

Distribution: Original - Returned to grievant after completed; Scanned Copy - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 06/17)                                                                                                                Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☐ No | Institution: | Tracking #: SOI HC 210105446 |
|---|---|---|---|

Staff Name and Title (Print) _____ Signature _____ Date _____

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): Jones, Edwards | CDCR #: K26983 | Unit/Cell #: |
|---|---|---|

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy.

_____

_____

_____

_____

_____

_____

_____

_____

*If you need more space, use Section A of the CDCR 602 HC A*

☐ **Supporting Documents:** Refer to CCR 3087.2. List supporting documents attached:

_____

☐ **No, I have not attached any supporting documents. Reason:**

Grievant Signature: _____ | Date Submitted: _____

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [____]

**HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only**     Is a CDCR 602 HC A attached? ☐ Yes ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction):  Date: _____  Date: _____

☐ Withdrawn (see section C)

☐ Accepted     Assigned To: _____  Title: _____  Date Assigned: _____  Date Due: _____

Interview Conducted? ☐ Yes ☐ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

Reviewing Authority
Name and Title (print): _____   Signature: _____   Date: _____

**Disposition:** See attached letter    ☐ Intervention    ☐ No Further Intervention    ☐ No Intervention

*If dissatisfied with Institutional Level Response, complete Section B.*

**HCGO Use Only:** Date closed and mailed/delivered to grievant:

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: _____

RECEIVED HCCAP NOV 03 2021

COMPLETED HCCAB JAN 14 2022

STAFF USE ONLY

COMPLETED SOL FEB - 4 2022

HCGO

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited?  ☐ Yes  ☐ No | Tracking #: Sol HC 21000546 |
|---|---|---|

Staff Name and Title (Print) _____  Signature _____  Date _____

**If you think you have a medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): Jones, Edward | CDCR #: K26983 | Unit/Cell #: 22-11-5L |
|---|---|---|

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

SEE ATTACHED
CDCR- 602 HC / 602 HCA

Supporting Documents Attached. Refer to CCR 3999.227  ☐ Yes  ☐ No

Grievant Signature: _____  Date Submitted: _____

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. [____]

**SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only    Is a CDCR 602 HC A attached? ☐ Yes  ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____  Date: _____

☐ Withdrawn (see section E)

☐ Accepted    Assigned To: _____  Title: _____  Date Assigned: _____  Date Due: _____

| Interview Conducted?  ☒ Yes  ☐ No    Date of Interview: 1/31/2022 | Interview Location: Bld 22 |
|---|---|

Interviewer Name and Title (print): J. Barriga RN    Signature: JB-RN    Date: 1/31/2022

Reviewing Authority
Name and Title (print): M Felder CEO    Signature: M Felder    Date: 2-1-22

**Disposition:** See attached letter    ☐ Intervention    ☒ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant:  FEB 0 4 2022

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: _____

COMPLETED
HCCAP
JAN 14 2021

COMPLETED
SOL
FEB 1 2022

STAFF USE ONLY

HCGO

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
DEPARTMENT OF CORRECTIONS AND REHABILITATION

CDCR 602 HC (Rev. 10/18)

Page 2 of 2

Tracking #: **801 HC 21000544**

| **SECTION C:** | **Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response**, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail to Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

| **Grievant Signature:** | **Date Submitted:** |
|---|---|

**SECTION D: HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only**   Is a CDCR 602 HC A attached? ☐ Yes   ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____

☐ Withdrawn (see section E)   ☐ Accepted

☒ Amendment   Date: **JAN 1 4 2022**

Interview Conducted?   ☐ Yes ☐ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

| **Disposition:** See attached letter | ☐ Intervention | ☐ No Intervention |
|---|---|---|

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant:

**SECTION E:** | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason:

| **Grievant Signature:** | **Date Submitted:** |
|---|---|

| **Staff Name and Title (Print):** | Signature: | Date: |
|---|---|---|

# STAFF USE ONLY

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** JONES, EDWARD D.          **CDC#:** K26983

**Date:** 08/31/2021

**Current Location:** SOL-Facility D          **Current Area/Bed:** D 022 1011005L

**From:** Office of Grievances at California State Prison, Solano

**Re:** Log # 000000158261

### Emergency Detected

Upon review, it was determined that one or more claims in your grievance contained information concerning personal safety, institutional security, or sexual misconduct. Therefore, it was provided to the appropriate administrator at California State Prison, Solano so that your claim(s) could be addressed quickly.

California State Prison, Solano should have notified you of its course of action to address your claim(s) within five business days after it received your grievance. If you did not receive a notification contact your counselor or agent.          **Grievance Receipt**

The California Department of Corrections and Rehabilitation Office of Grievances at California State Prison, Solano received your grievance on 08/31/2021. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 10/31/2021.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

Once you receive a response and if you are dissatisfied with the decision(s), you may file an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

 **CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

## OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE

**Offender Name:** JONES, EDWARD D.

**CDC#:** K26983

**Date:** 09/27/2021

**Current Location:** SOL-Facility D

**Current Area/Bed:** D 022 1011005L

**From:** Office of Grievances at California State Prison, Solano

**Re:** Log # 000000168641

The California Department of Corrections and Rehabilitation Office of Grievances at California State Prison, Solano received your grievance on 09/27/2021. Your grievance has not been assigned for review and response because your claim(s) is being handled as specified below.

**Claim # 001:**

Your matter concerning Offender Activities;Other Program - NOS has been reviewed and is outside the scope of the grievance process. The Office of Grievances has redirected your claim. Your request will be addressed by appropriate staff at California State Prison, Solano as determined by the Reviewing Authority.

CDCR SOMS OGTT300
OOG ACKNOWLEDGMENT OF RECEIPT AND CLOSURE OF GRIEVANCE



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

## CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** JONES, EDWARD DAVID         **Date:** 10/28/2021
**CDC#:** K26983

**Current Location:** SOL-Facility D         **Current Area/Bed:** D 022 1 - 011005L

**Log #:** 000000158261

**Claim #: 001**
**Institution/Parole Region of Origin:** California State Prison, Solano     **Facility/Parole District of Origin:** SOL-Facility D
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Safety and Security       **Sub-Category:** PREA

### I. CLAIM

Claimant states their prison rights have been violated under the eighth amendment, stating some of the violations include medical care and cruel and unusual punishment. Claimant states the State of California shall have at any time the right to inquire into the management of Institutions, California Department of Corrections and Rehabilitation; auditing and reviewing medical care and medics. Claimant states the eighth amendment protects inmates from physical brutality, harmful medical treatment, and the unwanted sexual touches of misappropriates. Claimant states please consider cruel unusual treatments of inpatient touching at some points best described as private areas of the body, harassment of medical procedures.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR, Section 3481 Claimant's Ability to Grieve and to Appeal

#### B. DOCUMENTS CONSIDERED

Claimant's HC grievance and supporting documents

### III. REASONING AND DECISION

An inquiry was conducted into allegations of staff sexual harassment/misconduct.

The claimant was interviewed on September 8, 2021. The Claimant stated he was quoting the Eighth Amendment and no physical brutality occurred.

Multiple medical staff were interviewed to include a review of the Claimant's medical chart for the day alleged.

The Claimant's allegation of harmful medical treatment and unwanted sexual touches of misappropriates is without merit. The medical treatment and administering of the medication the patient received was conducted within the scope of the medical staff's duties.

The Claimant's allegation of considering his medical treatment as cruel and unusual treatment and harassment, due to touching private areas of his body is without merit, the treatments that were administered to the Claimant were normal practice and within the scope of medical staff's duties.

The claimant's allegation regarding staff sexual harassment/misconduct is Unfounded.

RECEIVED
HCCAP
NOV 0 3 2021

COMPLETED
SOL
FEB – 4 2022

**Decision: Disapproved**

HCGO

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| Staff Signature | Title | Date/Time |
|---|---|---|
| T. Tyler [TYTH002] | CDW | 10/27/2021 |



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



### Institutional Level Response - Amended

**Closing Date:**  02/04/2022

**To:**  JONES, EDWARD (K26983)
D 022 1011005LP
California State Prison – Solano
P. O. Box 4000
Vacaville, CA 95696-4000

**Tracking #:**  SOL HC 21000546

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Scheduling ( Wait Time ) | Delay in medical treatment for colon complications. |
| Issue: | Staff Complaints ( Deliberate Indifference ) | Medical staff show deliberate indifference towards your urgent medical condition. |
| Issue: | Staff Complaints ( Prison Rape Elimination Act (PREA) ) | Unwanted touching of private areas of body parts. |
| Issue: | Grievances ( Admin Remedy Exhaustion ) | Exhaust administrative remedy. |
| Issue: | Disagreement with Treatment ( Primary Care Provider ) | Concerning treatment for urgent medical condition - sigmoid colon volvulus. |
| Issue: | Staff Complaints ( Deliberate Indifference ) | Allege medical staff show deliberate indifference towards your medical treatment. |

## INTERVIEW

On January 31, 2022, you were interviewed by J. Barriga, RN, regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[X] No intervention.    [ ] Intervention.

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed.

During your CDCR 602 HC, Health Care Grievance, interview, you clarified that your issues have since been addressed, and you have no further medical concerns or complaints.

While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

Due to the nature of your allegations, your health care grievance was referred for review per Prison Rape Elimination Act guidelines, and was accepted for investigation with Log # 158261.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

The health and safety of our population is of critical importance to the California Department of Corrections and Rehabilitation and California Correctional Health Care Services. While our agency is working together to appropriately respond to the COVID-19 crisis, we will continue to provide urgent and emergent health care services. To reduce risks to both patients and staff, inmate movement will be minimized. In addition, some specialty and routine care may be delayed as a result of both internal redirections and external closures. All cancelled appointments will be rescheduled as soon as safely possible. If you have health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

You were notified by the Health Care Correspondence and Appeals Branch that your health care grievance package was forwarded to this office. If you are dissatisfied with the amended ILR, you may resubmit the entire grievance package to the headquarters' level within 30 calendar days plus five for mailing for further processing.

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.

Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

2-3-22

M. Felder
Chief Executive Officer
CCHCS
California State Prison – Solano

Reviewed and Signed Date

---

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.

Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

(A)

15826

VERIFICATION

RECEIVED
AUG 31 2021
CSP - SOLANO
APPEALS OFFICE

I, _Edward Davin Jones_, declare under the

penalty of perjury that I am the petitioner in the above entitled action

and that the foregoing is true and correct, and as to matters stated

therein on information and belief, I believe them to be true.

Executed this _First 1st_ day of _November_
_2021._

COMPLETED SOL
FEB - 4 2022

HCGO

RECEIVED
HCCAP
NOV 0 3 2021

_____   _____
signature of declarant/petitioner   Article 1. Declaration of Rights,
Article XVI. Public Finance. Appropriations Sections. Management
of Institutions. (5.) The State of California shall have at any time
the right to inquire into the Management of Such Institutions.
(California Department Correction Rehabilitation (Center). 3004 Rights and Respect of others.
Adult Civil Reviews. of Medicals, Adequately Medical Care Treatments.
Climate, Basic Necessities, Prisons, Rights, Eighth Amendment Protection
from Pittsical Brutality, thams Medical Treatments the Eighth Amendment,
Forbids Cruel Crusciar Punishment and is Probably The most important Astos,
Amendment for Prisoner. (The Unwanton Sexual Touchireds of, Misappropriations.)
Medical Exams, Treatments. Abuses of, (Authorities) by Medicals Staffers)
(Does.) and Custodians Managements. CSP Solano. Dept. (CHC) Reciprocal of,
Treatments, Treatments San Joaquin Hosp. Gen. Stockton. Ca. 95202.
At has been interpreted to Prohibit Excessive Force and Guard brutality as
unsanitary, dangerous or overly restrictive Conditions. It is also the Sources
for your right to Medical Care in Prison. (Cohort of. Medical Care) The
Eighth Amendment Prohibition of, Mental Cruelty's. Flout, Contempt Force
Basci human needs such as, Medical Care and Treatment may be filed,
and challenge. Appellant. Rights to Decent Conditions in Prison. incorrect
Pleases, consider Cruel Unusual Treatments of in Patient Touching
at somes Points best described Private areas of, body Parts.
Harshments, of Medical Proceures, Pleases understands Help us. God.

158261

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? ☐ Yes ☐ No | Institution: | Tracking #: |
|---|---|---|---|
| | | SOL HC | 21000646 |

Staff Name and Title (Print)                    Signature                    Date

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC A Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI): CDCR #: Unit/Cell #:
JONES, Edward DAVID                                   K26983        D-22-115 Lower

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy. Claims of Inmates Basic Nessessities Eighth Amend/Cohort Medicals
Applicant. Jones, Edward David is an Inpatient Housed at CSR 5bld10. And files a per 602 HC grievance. Exhaustion of Administrative Remedies Claims. II. Reb relates to inmate his assigned housing, units Subjectively; Immate Basic Nessessities - Prison Right's condition concerning a Single Issues or Multiple condition In some cases has violated the Eighth Amendment. Some of the condition challenged under this amendment Involve Medical Care; Cruel unusual punishment a Have Right's constitionally to be Free From Cruel unusual punishment conditions deliberate Indifference Neglections/ Medical Cares. If you need more space, use Section A of the CDCR 602 HC A

☑ Supporting Documents: Refer to CCR 3087.2. List supporting documents attached: Title 15 CCR 3909.93 Definitions.
Verifications. Forms. Exhaustions of administrative Remedies Basic Nessessities Declaration of Right's. Penal Codes. 4473. Recitions of Chapter 2 Rules Regulation HC Services  Article 1 HC Definition

☐ No, I have not attached any supporting documents. Reason:

Grievant Signature: Edward D. Jones               Date Submitted: 8/24/2021

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

| HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☐ Yes ☐ No |
|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section C)

RECEIVED
AUG 31 2021
CSP    Date Due: HC
APPEALS OFFICE

☐ Accepted     Assigned To: _____  Title: _____       Date Assigned: _____

Interview Conducted? ☐ Yes ☐ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

Reviewing Authority
Name and Title (print): _____   Signature: _____   Date: _____

| Disposition: See attached letter | ☐ Intervention | ☐ No Further Intervention | ☐ No Intervention |
|---|---|---|---|

If dissatisfied with Institutional Level Response, complete Section B.

HCGO Use Only: Date closed and mailed/delivered to grievant: _____

RECEIVED
SOL
AUG 2 7 2021
HCGO

**STAFF USE ONLY**

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: 6.6

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

I5826I

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Expedited? | ☐ Yes | ☐ No | Tracking #: |
|---|---|---|---|---|

SOL HC 21000546

| Staff Name and Title (Print) | Signature | Date |
|---|---|---|

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First, MI): | CDCR #: | Unit/Cell #: |
|---|---|---|
| Jones, Edward | K96983 | 022-11-5L |

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

See attached CDCR 602 HC (Rev. 6/17)

RECEIVED

AUG 31 2021

CSP - SOLANO
APPEALS OFFICE

Supporting Documents Attached. Refer to CCR 3999.227  ☐ Yes  ☐ No

| Grievant Signature: | Date Submitted: |
|---|---|

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

| **SECTION B:** HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☐ Yes  ☒ No |
|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section E)

☐ Accepted    Assigned To: _____ Title: _____    Date Assigned: _____ Date Due: _____

Interview Conducted?    ☐ Yes  ☐ No   Date of interview: _____    Interview Location: _____

Interviewer Name and Title (print): _____    Signature: _____    Date: _____

Reviewing Authority Name and Title (print): _____    Signature: _____    Date: _____

Disposition: See attached letter    ☐ Intervention    ☐ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant:

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other | *See chrono/notes |

4. Comments: #0 6.6

RECEIVED
SOL
AUG 27 2021
HCGO

RECEIVED
STAFF USE ONLY
NOV 03 2021

COMPLETED
HCCAB
EMAILED
JAN 14 2022

COMPLETED
SOL
FEB 4 2022
HCGO

*Sol Htl Prowsure*

| STAFF USE ONLY | OGT Log #: __5826__ Date Received: _____ |
| | Completion Due Date: _____ |
| | Categories: _____ |

Claimant Name: _Edward Dovis Jr. Jones_   CDCR #: _K26983_

Current Housing/Parole Unit: _D-22-11/5C_ Institution/Facility/Parole Region: _Csp Sol_

---

**STAFF USE ONLY**

---

*This is the process to appeal a decision made regarding one or more of your claims.*

Claim #: _158261_

Explain the reason for your appeal. Be as specific as you can.

I am dissatisfied with the response I was given because _3rd Level Response_
_Appellnet Exhaustion all Related Administrative_
_Remedies Claims asto Inmate Serious Medical Need_
_Inmate Interfere delay In Medical Treatments._
_See: CSP Sol Medical Record._

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't ha
the documents, identify them as best you can below:
_Medical Record Lodged with Csp Sol/Ro. Dept._

RECEIVED
HCCAP
NOV 0 3 2021

COMPLETED
HCCAB
amendment
JAN 1 4 2022

COMPLETE
SOL
FEB - 4 202

HCGO

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

8UI Hc 210005 YY
Page 2 of 2

Claim #: _15826l_

Explain the reason for your appeal. Be as specific as you can.

I am dissatisfied with the response I was given because _Appellant, Exhaustion Cleumate_
_Admini Stin five Remedies - Medical deliberate indifference_
_Inmate Serious Medical Needs-_

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below: _See CSP Solan Medical Records_
_(CHC) Clinical 101 A. D/C._

---

This form shall be submitted by mail to:
Office of Appeals
Department of Corrections and Rehabilitation
P.O. Box 942883
Sacramento, CA 95811

---

### Reminders:

Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _Edward Jone_

Date Signed: _11 / 1 / 2021_

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**                                                                          Page 1 of 2
CDCR 602 HC (Rev. 10/18)

| STAFF USE ONLY | Expedited? ☐ Yes ☐ No | Tracking #: | SOI HC 21000546 |
|---|---|---|---|

Staff Name and Title (Print)                          Signature                          Date

If you think you have a **medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI):  JONES, EDWARD                          CDCR #: K26983    Unit/Cell #: 22- 11 -5L

| SECTION A: | Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy: |
|---|---|

SEE ATTACHED
CDCR- 602 HC / 602 HCA

Supporting Documents Attached. Refer to CCR 3999.227    ☐ Yes  ☐ No

Grievant Signature:                                              Date Submitted:

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

| SECTION B: | HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☐ Yes    ☐ No |
|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____

☐ Withdrawn (see section E)

☐ Accepted      Assigned To: _____    Title: _____    Date Assigned: _____    Date Due: _____

Interview Conducted?    ☒ Yes  ☐ No    Date of Interview: 1 | 31 | 2022    Interview Location: Bld 22

Interviewer Name and Title (print):  J. Bamga RN    Signature: 2 B — RN    Date: 1 | 31 | 2022

Reviewing Authority
Name and Title (print):  M. Felder CEO    Signature: M. F. Date    Date: 2-1-22

| Disposition: See attached letter | ☐ Intervention | ☒ No Intervention |
|---|---|---|

HCGO Use Only: Date closed and mailed/delivered to grievant:    FEB 0 4 2022

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH☐ DPV☐ LD | ☐ Equipment☐ SLI | ☐ Patient summed information |
| ☐ DPS☐ DNH | ☐ Louder☐ Slower | **Please check one:** |
| ☐ DDP | ☐ Basic☐ Transcribe | ☐ Not reached*☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

COMPLETED
HCCAP
JAN 1 4 2022    SOL
STAFF USE ONLY

4. Comments: _____

HCGO

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

Tracking #: 801 HC 21000544

| SECTION C: | **Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response,** explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Grievant Signature: | Date Submitted: |

| SECTION D: | **HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only** | Is a CDCR 602 HC A attached? ☐ Yes ☐ No |

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____

☐ Withdrawn (see section E)   ☐ Accepted

☒ Amendment   Date: JAN 1 4 2022

Interview Conducted?   ☐ Yes ☐ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

| **Disposition:** See attached letter | ☐ Intervention | ☐ No Intervention |

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant:

| SECTION E: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |

_____

_____

_____

| Grievant Signature: | Date Submitted: |
| Staff Name and Title (Print): | Signature: | Date: |

# S T A F F   U S E   O N L Y

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:**  Grievance Claims Decision Response

| | |
|---|---|
| **Offender Name:**  JONES, EDWARD DAVID | **Date:**  10/28/2021 |
| **CDC#:**  K26983 | |
| **Current Location:**  SOL-Facility D | **Current Area/Bed:**  D  022 1 - 011005L |

**Log #:**  000000158261

**Claim #:  001**

**Institution/Parole Region of Origin:**   California State Prison, Solano     **Facility/Parole District of Origin:**   SOL-Facility D

**Housing Area/Parole Unit of Origin:**

**Category:**   Offender Safety and Security          **Sub-Category:**   PREA

### I. CLAIM

Claimant states their prison rights have been violated under the eighth amendment, stating some of the violations include medical care and cruel and unusual punishment. Claimant states the State of California shall have at any time the right to inquire into the management of Institutions, California Department of Corrections and Rehabilitation; auditing and reviewing medical care and medics. Claimant states the eighth amendment protects inmates from physical brutality, harmful medical treatment, and the unwanted sexual touches of misappropriates. Claimant states please consider cruel unusual treatments of inpatient touching at some points best described as private areas of the body, harassment of medical procedures.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR, Section 3481 Claimant's Ability to Grieve and to Appeal

#### B. DOCUMENTS CONSIDERED

Claimant's HC grievance and supporting documents

### III. REASONING AND DECISION

An inquiry was conducted into allegations of staff sexual harassment/misconduct.

The claimant was interviewed on September 8, 2021. The Claimant stated he was quoting the Eighth Amendment and no physical brutality occurred.

Multiple medical staff were interviewed to include a review of the Claimant's medical chart for the day alleged.

The Claimant's allegation of harmful medical treatment and unwanted sexual touches of misappropriates is without merit. The medical treatment and administering of the medication the patient received was conducted within the scope of the medical staff's duties.

The Claimant's allegation of considering his medical treatment as cruel and unusual treatment and harassment, due to touching private areas of his body is without merit, the treatments that were administered to the Claimant were normal practice and within the scope of medical staff's duties.

The claimant's allegation regarding staff sexual harassment/misconduct is Unfounded.

RECEIVED
HCCAP
NOV 0 3 2021

COMPLETED
SOL
FEB - 4 2022

HCGO

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

| Staff Signature | Title | Date/Time |
|---|---|---|
| T. Tyler [TYTH002] | CDW | 10/27/2021 |

STATE OF CALIFORNIA
APPEAL OF GRIEVANCE
CDCR 602-2 (03/20)

Case 2:22-cv-00639-DJC-DMC    Document 12    Filed 07/07/22    Page 63 of 66

DEPARTMENT OF CORRECTIONS AND REHABII

8ᵗʰ HT 2Housing Page

| STAFF USE ONLY | OGT Log #: ___5826___     Date Received: _____ |
| | Completion Due Date: _____ |
| | Categories: _____ |

Claimant Name: _Edwardc David Jr Jones_  CDCR #: _K26983_

Current Housing/Parole Unit: _D-22-11/5L_  Institution/Facility/Parole Region: _CSp Sol_

---

**STAFF USE ONLY**

---

_This is the process to appeal a decision made regarding one or more of your claims._

Claim #: _158261_

Explain the reason for your appeal. Be as specific as you can.

I am dissatisfied with the response I was given because __3rd Level Response__
__Appellant Exhaustion all Related Administrative__
__Remedies Claims as to Inmate Serious Medical Need__
__Inmate Guster fore delay In Medical Treatments.__
__See CSp Sol Medical Record.__

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't ha
the documents, identify them as best you can below:
__Medical Record Lodged with CSp Solano Dept.__

RECEIVED
HCCAR
NOV 0 3 2021

COMPLETED
HCCAB
amendment
JAN 1 4 2022

COMPLETE
SOL
FEB – 4 2022

HCGO

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

801 Hc 210005 Page 2 of 2

Claim #: _158261_

Explain the reason for your appeal. Be as specific as you can.

I am dissatisfied with the response I was given because _Appellant  Exhaustive Climate_
_Admin Statutive Remedies - Medical deliberate indifference_
_Climate - Serious Medical Needs._

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have
the documents, identify them as best you can below:
_See: CSP Solar Medical Records,_
_(CHC) Clinical IOCA. D/C._

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**Reminders:**

Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _Edward Line_                    Date Signed: _11 / 1 / 2021_

# PROOF OF SERVICE BY MAIL
## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am
a prison inmate.   _Edward D Jr R. Jones , K26983_

My prison address is:   California Sate Prison - Solano

Housing: _D-22 11/5C_

P.O. Box 4000

Vacaville, California 95696-4000

On the "date" specified below, I served the following document(s) on the parties listed below by
delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to
the "Prison Mailbox Rule":

Case Name: _Amend Complaint) 1983 civil_ Case #: _222 CV0639.DMC-P._

Document(s) Served: _) 1983 Civil Right's Complaint_
_Title 42 U.S.C. 29._
_Re : Medical Violations Const. Right's-_

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form
attached pursuant to prison regulations, was/were addressed as follows:

_IN THE United States Court_
_Office Of The Clerk. United States District Court_
_Eastern District Of California._
_501 1st Ste. 4-200._
_Sacramento, California, 95814-2322._

I declare under penalty of perjury that the foregoing is true and correct. This declaration was
executed on _July 5, 2022_, in Vacaville, California.

"date"        Signature: _Edward David R. Jones_

Printed Name: _Edward D. Jones_

VERIFICATION

I, _Edward J. Jones_ , declare under the

penalty of perjury that I am the petitioner in the above entitled action

and that the foregoing is true and correct, and as to matters stated

therein on information and belief, I believe them to be true.

Executed this _Tusday_ day of _July 5th 2022,_
_2022_

_Edward D. Jerome_
signature of declarant/petitioner

Title. Application and form. 71983 U.S.C. Title 42.

U.S.C. 28.

Civil Right's Complaint was Refiled on About

_July 5th, 2022._  /  222 CV0654 DMC/P../
Dated.        Case No:

First Amered Complaint Refiling.

In The United States District Court

for Eastern District of, California.

501 1st Str 4-200.
Sacramento, California. 95814-2322.