IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES, | No. 2:22-CV-0639-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| MARIANA LOTERSTEIN, et al., | |
| Defendants. | |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second complaint, ECF No. 24.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on April 11, 2022. See ECF No. 1. Plaintiff named four defendants: (1) Mariana Loterstein; (2) Nay Aung; (3) S. Gates; and (4) Marcus Smith. See id. On June 15, 2022, the Court issued an order addressing the sufficiency of Plaintiff's complaint. See ECF No. 11. The Court concluded that Plaintiff's complaint stated cognizable Eighth Amendment claims against Loterstein and Aung, but that Plaintiff's complaint failed to state a claim against Gates or Smith. See id. Plaintiff was afforded an opportunity to amend. See id.

Plaintiff filed his first amended complaint on July 7, 2022. See ECF No. 12. Before the Court could address the amended complaint, Plaintiff sought leave to amend further. See ECF No. 13. On January 12, 2023, the Court denied Plaintiff's motion for leave to amend as unnecessary because Plaintiff had not yet amended as-of-right under Federal Rule of Civil Procedure 15. See ECF No. 14. Plaintiff was given leave to file a second amended complaint as-of-right within 30 days and cautioned that, if no second amended complaint was filed, the action would proceed on the July 7, 2022, first amended complaint. See ECF No. 14. After receiving several extensions of time, Plaintiff timely filed his second amended complaint. See ECF No. 24.

///
///
///

**B.     Plaintiff's Allegations**

Plaintiff now names the following as defendants: (1) Gigi Matteson, the Warden at California State Prison – Solano (CSP-Solano); (2) M. Lorgoza, Chief Executive Officer for health care at CSP-Solano; (3) S. Gates, the Chief Medical Executive at CSP-Solano; (4) Mariana Loterstein, physician; (5) Nay Aung, physician; and (6) Marcus Smith, registered nurse.[1] See ECF No. 24, pgs. 7-10. As with the original complaint addressed previously by the Court, Plaintiff alleges that Defendants Loterstein and Aung were deliberately indifferent to his medical needs. See id. at 11. While Plaintiff's second amended complaint contains a number of factual allegations describing his medical issues and health care, it does not contain any allegations specific to Defendants Matterson, Lorgoza, Gates, or Smith.

## II. DISCUSSION

The Court again finds that Plaintiff has stated cognizable Eighth Amendment claims against Defendants Loterstein and Aung. Plaintiff has not, however, alleged facts to link any other named defendant to a constitutional violation. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

---

[1] Matterson and Lorgoza were not named in Plaintiff's previous pleading. The Clerk of the Court will be directed to update the docket to add these individuals as defendants to the action.

Here, while Plaintiff's second amended complaint contains a number of factual allegations describing his health issues and the care, or lack thereof, he received, the second amended complaint is devoid of any specific allegations describing the conduct of Defendants Matteson, Lorgoza, Gates, or Smith.  Plaintiff will be provided one final opportunity to amend. Plaintiff is cautioned that, because he has already filed an amended complaint as-of-right, any further amendment must comply with this Court's order and may not include new defendants and/or claims without obtaining prior leave to do so.  By this order, Plaintiff is permitted to amend as to his Eighth Amendment claims against the defendants named in the second amended complaint only.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims against

Defendants Loterstein and Aung.

        Accordingly, IT IS HEREBY ORDERED as follows:

        1.     The Clerk of the Court is directed to update the docket to add Gigi Matteson and M. Lorgoza as defendants.

        2.     Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated: May 14, 2024

                                        DENNIS M. COTA
                                      UNITED STATES MAGISTRATE JUDGE