IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIANA LOTERSTEIN, et al.,<br><br>　　　　Defendants. | No.  2:22-CV-0639-DJC-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's third amended complaint, ECF No. 27.

　　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on April 11, 2022. See ECF No. 1. Plaintiff named four defendants: (1) Mariana Loterstein; (2) Nay Aung; (3) S. Gates; and (4) Marcus Smith. See id. On June 15, 2022, the Court issued an order addressing the sufficiency of Plaintiff's complaint. See ECF No. 11. The Court concluded that Plaintiff's complaint stated cognizable Eighth Amendment claims against Loterstein and Aung, but that Plaintiff's complaint failed to state a claim against Gates or Smith. See id. Plaintiff was afforded an opportunity to amend. See id.

Plaintiff filed his first amended complaint on July 7, 2022. See ECF No. 12. Before the Court could address the first amended complaint, Plaintiff sought leave to amend further. See ECF No. 13. On January 12, 2023, the Court denied Plaintiff's motion for leave to amend as unnecessary because Plaintiff had not yet amended as-of-right under Federal Rule of Civil Procedure 15. See ECF No. 14. Plaintiff was given leave to file a second amended complaint as-of-right within 30 days and cautioned that, if no second amended complaint was filed, the action would proceed on the July 7, 2022, first amended complaint. See ECF No. 14. After receiving several extensions of time, Plaintiff timely filed his second amended complaint. See ECF No. 24.

/ / /

/ / /

In the second amended complaint, Plaintiff named the same four defendants as previously named – Loterstein, Aung, Gates, and Smith. See id. at 7-10. Plaintiff also named two new defendants – Gigi Matteson, the Warden at California State Prison – Solano (CSP-Solano), and M. Lorgoza, Chief Executive Officer for health care at CSP-Solano. See id. Because the second amended complaint was filed as-of-right, leave of court to add new defendants was not required and the Clerk of the Court was directed to update the docket. See ECF No. 26. In assessing the pleading's sufficiency, the Court concluded that the second amended complaint stated cognizable claims against Defendants Loterstein and Aung, but that the allegations as to the remaining defendants were deficient for failure to show a causal connection to a constitutional violation. See id.

Plaintiff filed the currently pending third amended complaint on June 17, 2024. See ECF No. 27. Plaintiff continues to name Loterstein, Aung, Gates, Smith, Matteson, and Lorgoza. See id. at 1, 8.

### B. Plaintiff's Current Allegations

Plaintiff states that, after years of requesting medical treatment and delay, it was finally determined that he required emergency surgery. See id. at 3. According to this delay, he suffered significant injury and pain and nearly died. See id.

#### Defendants Loterstein and Aung

Loterstein and Aung were Plaintiff's primary care physicians at CSP-Solano. See id. at 4. Plaintiff alleges these defendants failed to provide adequate medical treatment and delayed in providing treatment to Plaintiff's serious abdominal condition, leading to further injury and pain and suffering. See id. More specifically as to Defendant Loterstein, Plaintiff alleges that Loterstein was aware of various complications related to Plaintiff's conditions yet "voided the probable course surgery. . . ." Id. at 12.

///
///
///
///

<u>Defendant Smith</u>

Plaintiff claims that Defendant Smith, a prison nurse, was the first person he saw regarding his abdominal pain. See id. According to Plaintiff, Smith assured Plaintiff that he would be okay and provided Plaintiff with medication. See id. at 12-13. Plaintiff states that he saw Smith at a second visit where Plaintiff again reported severe pain. See id. Plaintiff adds: "Plaintiff believes that the date was the Friday before Smith was arrested." Id. at 13.

<u>Defendants Matteson, Lorgoza, and Gates</u>

Defendant Matteson is alleged to have been the warden at CSP-Solano during the relevant time period of Plaintiff's medical treatment at that facility. See id. at 8. Defendant Lorgoza is claimed to have been the chief executive assigned to review of inmate health care grievances during the relevant time period. See id. Plaintiff states that Defendant Gates was at all relevant times the chief executive in charge of medical care at CSP-Solano. See id. at 9.

Plaintiff alleges: "Supervisory staff, including Defendants G. Matteson, S. Gates, and N. Lorgoza, possess the power to order mental counseling or a transfer to a medical facility." Id. at 15. Plaintiff claims that, despite suffering mental anguish as a result of his worsening and untreated abdominal condition, he was never provided counseling. See id. Plaintiff adds that Gates was deliberately indifferent for denying Plaintiff's medical grievances, finding that the issue had been resolved because Plaintiff was being provided treatment. See id. at 22. Plaintiff claims Defendant Lorgoza is similarly responsible by failing to reach the merits of some of Plaintiff's medical grievances, which were screened on procedural grounds. See id. at 23.

## II. DISCUSSION

The Court finds that Plaintiff's third amended complaint states sufficient facts to establish a plausible claim for relief against Defendants Loterstein and Aung. By separate order, the Court will direct service of process on these two defendants. The third amended complaint, however, as with the second amended complaint, fails to state sufficient facts to establish a claim for relief against Defendants Matteson, Lorgoza, Gates, or Smith. As to Defendant Smith, a prison nurse, the facts alleged do not allow for an inference that Smith was deliberately

4

indifferent. As to Matteson, Lorgoza, and Gates, who are alleged to be supervisory prison officials, Plaintiff does not allege facts showing these defendants' personal involvement with Plaintiff's medical care and the claimed delays in treatment.

### A. Defendant Smith

Plaintiff's allegations as against Defendant Smith fail because Plaintiff does not assert facts from which the Court can draw a reasonable inference that Defendant Smith was deliberately indifferent to Plaintiff's medical needs.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . .embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

on other grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc); <u>see also</u> <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994).

Despite several amended pleadings and advisements from the Court on the applicable legal principles, Plaintiff's allegations as to Defendant Smith remain sparse. According to Plaintiff, Smith was the first medical professional Plaintiff saw relating to his abdominal condition. Plaintiff states that Smith assured him he would be okay and provided medication. These allegations do not allow for an inference that Smith was deliberately indifferent to a serious medical condition. To the contrary, the facts alleged indicate that Smith, a prison nurse, heard Plaintiff's complaints and provided some treatment. Given that Plaintiff has been provided with multiple opportunities to provide factual support for his Eighth Amendment claim against Smith and has failed to do so, further leave to amend is not warranted.

**B.     Defendants Matteson, Lorgoza, and Gates**

Plaintiff's allegations against Defendants Matterson, Lorgoza, and Gates, who are all alleged to be supervisory prison officials are insufficient for two reasons. As to all three, Plaintiff fails to establish these defendants' personal involvement in Plaintiff's health care. Rather, Plaintiff's allegations stem from the notion that supervisory defendants are liable for the acts of subordinates. Second, as to Defendants Lorgoza and Gates, Plaintiff's claims stem primarily from their handling of Plaintiff's inmate grievances, which does not support a claim for relief.

1.     Personal Involvement

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. <u>See</u> <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. <u>See id.</u> Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. <u>See</u> <u>Redman v. Cnty of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be

liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

It is clear that the basis of Plaintiff's claims against Defendants Matteson, Lorgoza, and Gates is a respondeat superior legal theory. Beyond Plaintiff's allegation that, as supervisory defendants, Matteson, Lorgoza, and Gates possess the power to order mental health counseling or a transfer to a medical facility, the third amended complaint contains no allegations showing how these defendants were personally involved in Plaintiff's health care at CSP-Solano. Again, Plaintiff has been repeatedly advised of the requirement that his claims be supported by allegations showing each named defendant's personal involvement. Thus, further leave to amend is not warranted.

2.   Inmate Grievance Process

Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address

grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

Plaintiff claims Defendants Lorgoza and Gates are liable by way of their handling of Plaintiff's inmate grievances related to health care at CSP-Solano. However, as explained, above, Plaintiff has no right to a particular grievance result and there is no stand-alone constitutional claim based on the handling of inmate grievances.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends as follows:

1. This action proceed on Plaintiff's third amended complaint as to his Eighth Amendment medical deliberate indifference claims against Defendants Loterstein and Aung only.

2. Defendants Matteson, Lorgoza, Gates, and Smith be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE