IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES,<br><br>Plaintiff,<br><br>v.<br><br>MARIANA LOTERSTEIN, et al.,<br><br>Defendants. | No. 2:22-CV-0639-DJC-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are motions filed by Plaintiff. See ECF Nos. 36, 38, 42, and 49.[1]

Plaintiff has filed a motion which has been docketed as "Motion for Production of Transcripts." ECF No. 36. The motion is filed on what appears to be a state court form for requesting transcripts. See id. at 1. On this form, Plaintiff has checked boxes suggesting he is requesting Clerk's Transcripts, trial attorney case files, prosecution case files and discovery, and documents related to sentencing proceedings. See id. Elsewhere in the filing, Plaintiff seems to be attaching discovery requests which may or may not have been served on Defendants. See id. at 8-21. In the proof of service associated with Plaintiff's filing, Plaintiff states that he is serving

---

[1] Other pending motions filed by Plaintiff, ECF Nos. 59, 60, 63, and 65, will be addressed separately.

1

his "Production of Medical Records Documents. . . . R. 34 Discovery Motion (Medical Records); Plaintiff Request Admissions to Staffers. . . ." Id. at 22. To the extent Plaintiff's motion concerns the sufficiency of Defendants' responses to discovery requests, Plaintiff has not provided the Court with Defendants' responses.

Plaintiff has also filed a motion which has been docketed as "Motion to Compel." ECF No. 38. As with Plaintiff's motion at ECF No. 36, the precise nature of the relief requested is uncertain. The motion appears to seek discovery from Plaintiff's central file, but the motion does not describe any particular discovery requests or response thereto. Nor has Plaintiff provided the Court with copies of any discovery requests or responses.

Given that the Court cannot discern any relief requested in these motions, they will be denied.

Next, Plaintiff has filed a motion docketed as "Motion to Certify Class." ECF No. 42. Plaintiff seeks an order referring this case to alternative dispute resolution (ADR). See id. Prior to Plaintiff's motion being filed, the matter was sua sponte referred for a settlement conference under the Court's Early ADR Program. See ECF No. 41. After Plaintiff's motion was filed, Defendants filed a motion to opt-out of participation in the Early ADR Program, see ECF No. 46, which the Court granted, see ECF No. 48. Given that Defendants have not consented to participation in settlement negotiations, Plaintiff's motion will be denied without prejudice to renewal as a joint request of the parties.

Finaly, currently before the Court is Plaintiff's motion at ECF No. 49. As with Plaintiff's other motions, the nature of the relief requested is not apparent. As best the Court can discern, Plaintiff appears to seek conditional class certification for this action. See id. This motion will be denied because a pro se litigant cannot appear in a civil action as representative of a class of similarly situated plaintiffs. See Simon v. Hartford Life, Inc., 546 F.3d 661 (9th Cir. 2008).

///

///

///

1   Accordingly, IT IS HEREBY ORDERED as follows:

2       1.    Plaintiff's motions at ECF Nos. 36 and 38 are DENIED for failure to articulate a request for relief.

4       2.    Plaintiff's motion at ECF No. 42 is DENIED without prejudice to renewal as a joint request of the parties for referral of the matter to alternative dispute resolution.

6       3.    Plaintiff's motion at ECF No. 49 seeking class certification is DENIED.

Dated: August 12, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3