**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD DAVID JONES, | No.  2:22-CV-0639-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| MARIANA LOTERSTEIN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are: (1) Plaintiff's motions to compel production of documents, see ECF Nos. 59, 60, and 65; (2) Plaintiff's motion which has been docketed as a motion for summary judgment, see ECF No. 63; (3) Plaintiff's motions related to settlement, see ECF Nos. 71 and 73; and (4) Defendants' motion for an extension of time to file dispositive motions, see ECF No. 74.

The Court first addresses Plaintiff's motions relating to discovery, ECF No. 59. Plaintiff seeks an order compelling Defendants to produce medical records.  See ECF No. 59.  As noted in Defendants' opposition, this motion is defective as Plaintiff has not provided the Court with the discovery requests and responses at issue.  See McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL

1

860523, at *4 (E.D. Cal. Mar. 27, 2008).  While Plaintiff has separately filed his requests for production at ECF No. 60, which has been docketed as a motion, Plaintiff has not provided the Court with Defendants responses thereto.  Nor could he, because, as Defendants' also note, as of the time Plaintiff's motion was filed, their responses to the single set of requests for production of documents served by Plaintiff were not yet due.  See ECF No. 62.  For these reasons, Plaintiff's motion at ECF No. 59 will be denied and the Clerk of the Court will be directed to strike ECF No. 60 and terminate that filing as a separate pending motion.

Plaintiff's motion at ECF No. 65 and Defendants' opposition thereto at ECF No. 67 reach the merits of his request that the Court order production of medical records.  Though Plaintiff's motion continues to fail to provide the Court with the discovery requests and responses at issue, Defendants have done so in their opposition.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  Rule 37 also requires the moving party to meet and confer with the opposing party.  See Fed. R. Civ. P. 37(a)(1).

At issue are Defendants responses to Plaintiff's requests for production nos. 2 and 3.  In request no. 2, Plaintiff seeks "Any and all medical records supervised by and custodians, matements [sic] of California Correctional Health Care Services. . . ."  ECF No. 67, pg. 3. Defendants objected on grounds of relevance, overbreadth, and undue burden.  See id. at 3-4. Defendants also objected to the extent Plaintiff seeks his own records, which would be relevant, because such records are equally available to Plaintiff on his own request to prison officials.  See id. at 4.  In request no. 3, Plaintiff seeks "Any and all medical records and reviewable or discovery production of documents, Plaintiff, x-ray and MRI combining from dates: Through and include the date of your response to this request."  Id.  Defendants interposed the same objections. See id.

Defendants' objections are sustained.  The Court agrees with Defendants that Plaintiff's requests are overbroad, vague, burdensome, and seek discovery which is equally available to Plaintiff.  Plaintiff's motion at ECF No. 65 will be denied.

The Court next addresses Plaintiff's motion at ECF No. 63, which has been docketed as Plaintiff's motion for summary judgment.  See ECF No. 63.  Defendnats have filed a response.  See ECF No. 66.  The Court agrees with Defendants' observation that Plaintiff's motion is not styled as a motion for summary judgment consistent with Federal Rule of Civil Procedure in that it does not contain a separate statement of undisputed facts and no evidence of

3

any kind is offered in support of the motion.  As Defendants note, the motion appears to seek voluntary dismissal of the action.  See ECF No. 63.  Specifically, Plaintiff states: "I humbly withdwarals [sic] of citizen's complaint without prejudice. . . ."  Id. at 1.  In response to Plaintiff's filing, Defendants' counsel states that she contacted Plaintiff by telephone shortly after his motion was filed and, during that conversation, Plaintiff confirmed that he had intended to seek voluntary dismissal of the action but had since changed his mind.  See ECF No. 66, pgs. 3-4 (declaration of defense counsel).  On defense counsel's representation, which Plaintiff has not called into question in any filing subsequent to Defendants' response, the Court will strike and disregard Plaintiff's filing at ECF No. 63.

Next, the Court addresses Plaintiff's motions related to settlement.  Plaintiff has filed a motion asking that the matter be referred again to alternative dispute resolution.  See ECF No. 71.  This motion will be denied because Defendants have not agreed to participate in alternative dispute resolution and have previously opted out of alternative dispute resolution.  See ECF No. 46.  Plaintiff has also filed a motion seeking additional time to submit a settlement demand.  See ECF No. 73.  This motion will be denied as unnecessary because there are no time limits associated with the parties' ability to engage in non-judicially supervised settlement negotiations.

Finally, the Court addresses Defendants' motion for an extension of time to file dispositive motions.  See ECF No. 74.  Discovery has closed in this matter, and the Court finds good cause to extend the dispositive motion filing deadline.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1.    Plaintiff's motions to compel, ECF Nos. 59 and 65, are denied.

2.    Plaintiff's filing at ECF No. 60 is stricken and the Clerk of the Court is directed to terminate that filing as a pending motion.

3.    Plaintiff's filing at ECF No. 63 is stricken and disregarded.

4.    Plaintiff's motion to re-referral of this matter to alternative dispute resolution, ECF No. 71, is denied.

5.    Plaintiff's motion for an extension of time to submit a settlement demand, ECF No. 73, is denied as unnecessary.

6.    Defendants' motion for an extension of time to file dispositive motions, ECF No 74, is granted.

7.    Dispositive motions are due within 60 days of the date of this order.

Dated:  February 11, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5